AUG 2 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Robert McClanahan
04777-112
1900 Simler Ave.
Big Spring, Yx 79720

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

Robert C. McClanahan,                        )
    Petitioner,                          )
                        )
vs.                                          )
                        )
ALBERTO GONZALES, esq.,                       )
ATTORNEY GENERAL FOR THE                      )
"UNITED STATES,"                              )
and                                          )
HARLEY G. LAPPIN, DIR.,                       )
FEDERAL BUREAU OF PRISONS,                    )
                        )
    Respondent(s).                       )
_____              )

Case: 1:07-cv-01520
Assigned To : Roberts, Richard W.
Assign. Date : 8/20/2007
Description: Habeas Corpus/2255

**PETITION FOR
COMMON LAW
WRIT OF HABEAS CORPUS**

**BY PERSON IN
FEDERAL CUSTODY**

## CONVICTION UNDER REVIEW
## DUE TO CONDITION OF SENTENCE

1. Name and location of the court which entered the judgment of conviction under review:

   **U.S. District Court of Central California**

2. Date of judgment of conviction was entered on: **January 25, 1996**

3. Case Number: **2:95-CR-00422-R-ALL**

4. Type and Length of imposed sentence:  **351 months**

5. Are you presently serving a sentence imposed for a conviction other than the conviction under review?  **No**

   /////

1 - Petition For Common Law Writ of Habeas Corpus

6.  Nature of the offense involved: **Title 18 U.S.C. §2113(a)(d) and2, Title 18 U.S.C.§924(c)(d)**

7.  N/A

8.  If you entered a plea of guilty to one count of indictment and a not guilty plea to another count of indictment give details N/A

9.  If you entered a plea of guilty pursuant to a plea bargin, state the terms and conditions of the agreement.  N/A

10. Kind of trial:  Jury

11. did you testify at trial?  N/A

### DIRECT APPEAL

12. Did you appeal from the judgment of conviction?  Yes

13. If you did appeal give the name and location of the court's decision:  Affirmed on October 09, 1997

14. If you did not appeal, explain briefly why you did not appeal: N/A

15. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court? NO

16. If you answer to 15 was "Yes," give the following information: §2255 filed on March 13, 2003  and Denied on March 18, 2003

### CLAIMS

17. State concisley every claim that you are being held unlawfully for.  Summerize briefly the facts supporting the claims.  If neccesary, you may attach extra pages stating additional claims and supporting facts.  You should raise in the application all

/////

2- Petition For Common Law Writ of Habeas Coprus

claims for relief which relate to the conviction under review. In order to proceed in federal court, you ordinarily must exhaust the administrative remedies available to you as to each claim on which you request action by the federal court.

**CLAIM ONE:**

**Ineffective Assistance of Counsel:**

1) Supporting Facts:

Counsel failed ab initio to raise or challenge any of the issues presented herein.

2) Did you seek administraitive releif as to claim one?

**No.**

If your answer is "Yes," describe the procedure followed and the result. If your answer is "No," explain why you did not seek administrative releif:

We have administrative grievance to redress the challenges raised herein. Bureau of Prisons-BOP is compelled to abide by judgment order of the court.

**CLAIM TWO:**

**Lack of Federal Legislative Juridiction over the Locus in quo.**

1) Supporting Facts:

See, Attached Memorandum of Law with Incorporated Points and Authorities.

2) Did you seek adminstrative releif as to claim two?

If your answer is "Yes," describe the procedure followed and the result. If your answer is "No," explain why you did not seek administrative relief:

We have administrative grievance to redress the challenge raised herein. Bureau of Prisons-BOF is compelled to abide by judgment of the court.

**CLAIM THREE**

**Lack of Federal Subject Matter jurisdiction over the alleged prohibitive conduct - WANT OF COMMERCE NEXUS.**

1) Supporting Facts:

See, Attached Memorandum of Law with Incorporated Points and Authorities.

2) Did you seek administrative relief as to claim three?

If your answer is "Yes," describe the procedure followed and the result. If your answer is "No," esplain why you did not seek administrative relief.

We have administrative grievance to redress the challenge raised herein. Bureau of Prisons-BOP is compelled to abide by judgment order of the court.

**CLAIM FOUR:**

**Mis-application of Federal Law, where such is unenacted unpromulgated and unimplemented.**

1) Supporting Facts:

See, attached Memeorandum of Law with Incorporated Points and Authorities.

2) did you seek  administrative relief as to claim fourt?

   No

If your answer tis "Yes," describe the procedure followed and the trsult. If your answer is "No," explain why you did not seek administrative relief.

We have administrative grievance to redress the challenge raised herein. Bureau of Prisons-BOP is compelled to abide by judgment orderof the court.

18. Do you have any petition, application, motion or appeal now pending in any court either state or federal, regarding the conviction under review? **No**

//// 

4- Petition For Common Law Writ of Habeas Corpus

19. State briefly why you believe that the remedy provided by
28 U.S.C. §2255 is inadequate or ineffective to test the
legality of your detention.

: Because the Legislative-Territorial Court wherein the issues
now complained of arose, lacks the Constitutional authority
entertain and to adjudicate the issues herein, thus a §2255
Motion is inadequate and inappropriate.

**WHEREFORE**, applicant, prays that the court GRANT him such

relief to which he may be entitled in this proceeding.


Date: _August 6th_ , 2007.    Submitted by

*Robert McClanahan*
Robert McClanahan

Robert McClanahan
04777-112
1900 Simler Ave
Big Spring, Tx  79720

**FILED**

AUG 2 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DICTRICT COURT
JUDICIAL DISTRICT OF COLUMBIA

07 1520

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br> Robert McClanahan,<br><br>        Defendant. | Case No. CR-95-422-R<br><br>NOTICE AND DEMAND<br>TO DISMISS FOR LACK<br>OF CRIMINAL JURISDICTION<br><br>28 U.S.C. 1359<br>FRCP Rules 9(b), 12(b)(1)<br>(2), (h) and (3) |

**COMES NOW,** Robert McClanahan  , Sui Juris, Citizen of Texas
state and Defendant in the above entitled matter (hereinafter
"Defendant"), to demand an immediate dismissal of the instant
criminal case, with prejudice, for lack of criminal jurisdiction
to proceed in the first instance, either over the subject matter
or over the Person or property of the Defendant, and to provide
formal Notice to all interested parties of same.  Defendant
hereby incorporates by reference all authorities cited in Exhibit
"A": Federal Criminal Jurisdiction, Exhibit "B": Memorandum of
Law with Points and Authorities, Exhibit "C": Judicial Notice
201(d), and Defendant's Memorandum of Law In Support Of Challenge
To Criminal Jurisdiction Of This Court [i.e. There is none].,
Rules 301, 302:  Federal Rules of Evidence, as if all were set

forth fully herein.

## KNOW ALL BY THESE PRESENTS:

I, Robert McClanahan, Sui Juris, and Defendant in the
above entitled matter, hereby demand that this territorial
(legislative) tribunal dismiss the instant criminal case with
prejudice because it lacks exclusive jurisdiction over the exact
geographical location where the alleged criminal activity mention-
ed in the indictment is alleged to have taken place.  I was not
arrested in any fort, magazine, arsenal, dockyard, "needful
building," or other federal enclave within the Texas        Republic,
nor was My Person or My private property situated within any of
the aforementioned federal areas (a/k/a/ the federal zone).

A very recent U.S. Supreme Court decision, dated April 26,
1995, addressed  and issue of exclusive legislative jurisdiction
of the Congress, and the powers of the federal government.  Justice
Thomas, in a concurring majority opinion in U.S. vs. Lopez, 115
S. Ct. 1624 (1995), 131 L.Ed.2d 626, very clearly says:

> Indeed, on this crucial point, the majority and Justice
> Breyer (dissenting) agree in principle:  the Federal
> Government has nothing approaching a police power.  Id.
> at page 6.

Justice Thomas went on to discuss "a regulation of police" at
page 86, wherein he stated as follows:

> U.S. vs. DeWitt, 76 U.S. 41, 9 Wall. 41, 19 L.Ed 593 (1870)
> marked the first time the court struck down a federal law as
> exceeding the power conveyed by the commerce clause.  In a
> 2 page opinion, the court invalidated a nationwide law pro-
> hibiting all sales of naptha, and illuminating oils.  In
> so doing, the court remarked that the commerce clause "has
> always been understood as limited by its terms; and as a
> virtual denial of any power to interfere with the internal
> trade and business of the separate states."  Id. at page 44.

The law in question was "plainly a regulation of police,"

which could have constitutional application only where Congress
had exclusive authority, such as the territories.  Id. pp. 44-45.

Earlier in the text, Justice Thomas, If. at page 85, said,
"even before Gibbons, Chief Justice Marshall, writing for the
Court in Cohens v. Virginia, 19 U.S. 264, 6 Wheat 264, 5 L.Ed 257
(1821), noted that Congress had no general right to punish murder
committed within any of the states, "and that Congress could not
punish felonies generally.  However, Congress could enact laws
for places where it enjoyed plenary powers, for instance, over
the District of Columbia, and whatever effect oridnary murders,
or robbery, or gun possession might have on interstate commerce
was irrelevant to the question of Congress power.

The first federal Criminal Act did not establish a nationwide
prohibition against murder and the like.  See Act of April 30,
1790, Chapter 9 [1 Stat. 112]; rather only when committed in
United States territories and possessions, or on the high seas.
With the single exception of treason and/or counterfeiting, and
notwithstanding any of the effects which murder, robbery, and gun
possessions, might have on interstate commerce, Congress under-
stood that it could not establish nationwide prohibitions.

Justice Thomas sumed up his opinion dramatically with the
statement quoted in part herein:

> If we wish to be true to a Constitution that does not cede a
> police power to the Federal Government ....

(1)  "All federal crimes are statutory."  Doble, "Venue and
Criminal Cases in the United States District Court," Virgina Law
Review, 287, 289 (1925).  "... [o]n the other hand, since all
Federal Crimes are statutory and all criminal prosecutions in
in the Federal  territorial courts are based on Acts of Congress.

Federal Rules of Criminal Procedure rule 26, in "taking of
testimony," notes of Advisory Committee on Rules, paragraph 2.

(2) Rule 54, Application and Exception, paragraph (c),
Federal Rules of Criminal Procedure, "Act of Congress" includes
any act of Congress locally applicable to and in force in the
District of Columbia, in Puerto Rico, in a territory or in an
insular possession.

(3) There is no presumption in favor of jurisdiction, and
the basis for jurisdiction must be affirmatively shown. Hanford
v. Davis, 16 S. Ct. 1051, 163 U.S. 273, 41 L.Ed. 157 (1896).

(4) See exact wording of Article I, Section 8, Clause 17,
Constitution for the United States of America, which grant of
authority does not extend over every square inch of the 48 con-
tiguous Union States.

(5) In principle, the exclusive legislative jurisdiction of
the federal government is not addressed to subject matter, but to
geographical location. See U.S. v. Bevans, 16 U.S. (2 Wheat) 336
(1818).

(6) It is axiomatic that the prosection must always prove
territorial jurisdiction over a crime in order to sustain a
conviction therfor. U.S. v. Benson, 495 F.2d 475 at 481 (1974).
The jurisdictional challenge issue can never be waived by the
accused, nor acquiesced by the accused, in the absence of a
positive showing upon the record that jurisdiction was clearly
and unambiguously established.

(7) Without proof of the requisite ownership or possession
by the United States, the crime has not been made out. U.S. v.
Watson, 80 Fed.Supp. 649 (1948, E.D. Va.). Only in America can

we be forced into the status of subjects of a foreign corporation by fiat legislation, and the stroke of a CEO's pen, at the point of a gun, and thereby be immediately divested of standing in judicio, and declared to be debtors and enemies of our Own government.

(8)   In criminal prosecutions, where federal government is the moving party, it must not only establish ownership of the property upon which the crime was allegedly committed, but is must also produce documentation that the state has/had ceded to it jurisdiction over the property.   It was held by the U.S. Supreme Court in the case of <u>Fort Leavenworth Railway Co. v. Iowa</u>, <u>114 U.S. 525 at 531  (1885)</u>:

> Where lands are acquired without such consent, the possession of the United States, unless political jurisdiction be ceded to them in some other way, is simply that of an ordinary propietor.

(9)   No jurisdiction exists in the United States to enforce federal criminal laws until consent to accept jurisdiction over acquired lands has bben published and filed in behalf of the United States, as provided in 40 U.S.C. 255, and the fact that the state authorized the government to take and exercise jurisdiction was immaterial.   See <u>Adams v. United States, 319 U.S.</u> <u>312, 63 S.Ct. 1122, 87 L.Ed. 1421 (1943)</u>.

(10)   All courts of justice are duty-bound to take judicial notice of the territorial extent of jurisdiction, although those acts are not formally put into evidence, nor in accord with pleadings.   <u>Jones v. United States, 137 U.S. 202, 11 S.Ct. 80</u> (1890).

(11)   Where a federal court is without jurisdiction of the offense, judgment of conviction of the court and/or the jury is

void ab initio, on its face.  Bauman v. United States, 156 F.2d
534 (5th Cir. 1946).

(12)  Federal Criminal jurisdiction is never presumed; it
must always be proven; and it can never be waived.  United States
v. Rogers, 23 Fed. 658 (D.C., W.D. Ark. 1885).

(13)  The federal courts are limited both by the Constitution
and by Acgs of Congress.  Owen Equip. & Erection Co. v. Kroger,
98 S.Ct. 2396, 437 U.S. 365, 57 L.Ed.2d 274 (1978).

(14)  The jurisdiction of federal courts is defined in the
Constitution at Article III for judicial courts; in Article I for
legislative courts; and in Article IV for territorial courts.
Some courts created by Acts of Cngress have been referred to as
"Constitutional Courts,"  O'Donoghue v. United States, 289 U.S.
516 (1933), 82 L.Ed 1356, 53 S.Ct. 74; Mookini v. United States,
303 U.S. 201 at 205 (1938), 77 L.Ed 748, 58 S.Ct. 543.

(15)  Legislative court judges do not enjoy Article III
guarantees; "inherently judicial" tasks must be performed by
judges deriving power under Article III.  See United States v.
Sanders, 641 F.2d 659 (1981), cert. den. 101 S.Ct. 3055, 452 U.S.
918, 69 L.Ed. 422.

The United States District Court creation and composition
were accomplished by Acts of COngress on June 25, 1948 [62 Stat.
895], and November 13, 1963 [77 Stat. 331]; currently codified at
29 U.S.C. 132; and the jurisdiction thereof, previously demonstrated
herein, i.e. Chapter 85 of Title 28, lists civil, admiralty, mar-
itime, patent, bankruptcy, etc., and does not once list, mention
or describe any criminal jurisdiction.  It is just not there, so

don't bother looking for it!

(16)  Acts of Congress creating the United States District Courts do not vest territorial tribunals with any criminal jurisdiction;  these courts have only such jurisdiction as is conferred  upon them be Act of Congress under the Constitution.  See Hubbard v. Ammerman, 465 F.2d 1169 (5th Cir. 1972), cert. den. 93 S.Ct. 967, 410 U.S. 910, 35 L.Ed.2d 272.

(17)  The United States District Court is not a court of general jurisdiction, and has no other power bestowed upon it except as prescribed by Congress.  See Graves v. Snead, 541 F.2d 159 (6th Cir. 1976), cert. den. 97 S.Ct. 1106, 429 U.S. 1093, 51 L.Ed.2d 539.

(18)  It is apparent that the United States District Court for the District of California was created and established under 28 U.S.C. 132, and its jurisdiction is defined and limited by Chap. 85 of Title 28, United States Code.

(19)  The courts of appropriate jurisdiction for violations of Title 18 U.S.C. are designated at Section 3231, specifically naming them as "district courts of the United States" [sic].

(20)  There is a distinct and definite difference between a "United States District Court" and a "District Court of the United States."  The words "District Court of the United States" commonly describe constitutional courts created under Article III of the Constitution, not the legislative courts which have long been the courts of the Territories.  See International Longshoremen's & Warehousemen's Union v. Juneau Spruce Corp., 342 U.S. 237 at 241 (1952), 72 S.Ct. 235, 96 L.Ed. 275, 13 Alaska 536.

(21)  The term "District Court of the United States" commonly

describes Article III courts of "courts of the United States," and not legislative courts of the territories. See <u>American Insurance Co. v. 356 Bales of Cotton, 1 Pet. 511 (1828), 7 L.Ed 242; International Longshoremen's & Warehousemen's Union v. Writz, 170 F.2d 183 (9th Cir. 1948), cert. den. 336 U.S. 919, 93 L.Ed. 1082, 69 S.Ct. 641, reh. den. 336 U.S. 971, 93 L.Ed. 1121, 69 S.Ct. 936.</u>

(22)  Though the judicial system set up in a territory of the United States is a part of federal jurisdiction, the phrase "court of the United States" when used in a federal statute is generally construed as not referring to "territorial courts." See <u>Balzac v. Porto Rico, 258 U.S. 298 at 312 (1921), 42 S.Ct. 343, 66 L.Ed. 627.</u>  In Balzac, the High Court stated:

> The United States District Court **is not** a true United States court established under Article III of the Constitution to administer the judicial power of the United States therein conveyed.  It is created by virtue of the sovereign congressional faculty, granted under Article IV, Section 3, of that instrument, of making all needful rules and regulations respecting the territory belonging to the United States.  The resemblance of its jurisdiction to that of true United States courts in offering an opportunity to nonresidence, does not change its character as a mere territorial court.[emphasis added]

The distinction within the dual nature of the federal court system is also noted in Title 18 U.S.C. 3241, which states that the United States District Court for the Canal Zone shall have jurisdiction "concurrently with the district courts of the United States, of offenses against the laws of the United States committed upon the high seas."

This distinction is the reason why federal jurisdiction over prosecutions is more than a technical concept; it is a Constitutional requirement. See <u>United States v. Johnson, 337 F.2d 180,</u>

aff'd 383 U.S. 169 )1966), 86 S.Ct. 749, 15 L.Ed.2d 681, cert.
den. 87 S.Ct. 44, 134, and 385 U.S. 846, 17 L.Ed.2d 77, 117.

(23)  Besides the recent Lopez decision, it is interesting to
note that at least two other courts, i.e., United States District
Courts, have come to the same or similar conclusions.  See U.S.A.
v. Kearns,  Case No. SA-95-CR-201  (October 6, 1995)(U.S.D.C., Tx.)
and United States v. Benito Martinez  (Feb. 7, 2007)(U.S.D.C. of
District of Columbia, Show Cause Order issued).

(24)  Interestingly enough, in a bankruptcy case in the U.S.
Bankruptcy Court. Middle District of Pennsylvannia (Chapter 13),
Case  No. 5-94-00839, titled In re:  Francis Patrick Farrel v.
IRS/BATF, the alleged debtor sued out a  compulsory counterclaim
against the IRS/BATF after the alleged creditor submitted its
proof of claim.

The counterclaim showed an extent of corruption unparalleled
in American history, to which agencies of the federal government
will often resort, specifically by placing a "T-code" on someone's
Individual Master File ("IMF").

In this way, the IRS/BATF used Admiralty and Maritime for-
feiture laws to deprive a State Citizen of property and assets,
and to mis-classify Him as a "high level narcotics trafficker."
This occurred on November 17, 1995!  "Why?"  See United States
v. Good, 114 S.Ct. 492 at 502, footnote 2 (1993).

### SUMMARY

The United states District Courts have no criminal jurisdiction
whatsoever to prosecute a State Citizen within one of the 50 States
of the Union which comprises the United States of America, until
and unless Congress says so.  Until and unless the federal govern-

ment can prove ownership over said geographical land mass, part-
icularly that parcel of land which is the private real property
of the Defendant, the United States District Courts have **no crim-
inal jurisdiction** <u>whatsoever</u> within the 50 Union States.   Not a
single Act of Congress vests the United States District Courts,
as distinct from District Court of the United States, with any-
thing but "civil" authority.   There is absolutely no criminal
jurisdiction vested in said territorial tribunals.

### REMEDY DEMANDED

**THEREFORE,** Defendant hereby demands that this Article IV
legislative tribunal establish exclusive jurisdiction by producing
certified documents consisting of the following:

(a)   Documentation showing "United States" (federal govern-
ment) ownership of each and every geopgraphical location mentioned
in the instant indictment, wherein the  alleged criminal activity
took place;

(b)   Documentation from the California   Legislature which
provideds evidence of a cession by   California state surrending
jurisdiction to the "United States" (federal government) over the
same geopgraphical location as stated in (a) above;

(c)   Documentation pursuant to Title 40 U.S.C. 255, wherein
the "United States" (federal government) accepted jurisdiction to
the same geographical location as stated in (a) above, or, docu-
mentation showing concurrent jurisdiction with               state
over the geographical location as stated in (a) above;

(d)   Alternatively, absent the requisite documentation, De-
fendant hereby demands that this United States District Court
vacte the  sentence and dismiss the instant case with prejudice

and in the interest of justice.

Dated:  *August 6TH 2007*          Respectfully submitted by:

*Robert McClanahan*
Robert McClanahan/pro-se

Robert McClanahan, Sui Juris
Citizen of Texas

## EXHIBIT "A"   FEDERAL CRIMINAL JURISDICTION

It is a well established principle of law that "all federal legislation applies only within the territorial jurisdiction of the United States unless a contrary intent appears", See <u>Caha v. United States, 152 U.S. 211, 215, 14 S.Ct. 513 (1894)</u>; American <u>Banana Company v. United Fruit Company</u>, 213 U.S. 347, 357, 29 S.Ct. 511 (1909); <u>United States v. Bowman</u>, 260 U.S. 94, 97, 98, 43 S.Ct. 39 (1922); <u>Blackmer v. United States</u>, 284 U.S. 421, 436, 52 S.Ct. 252 (1932); <u>Foley Bros. v. Filardo</u>, 336 U.S. 281, 285, 69 S.Ct. 575 (1949); <u>United States v. Spelar</u>, 338 U.S. 217, 222, 70 S.Ct. 10 (1949); and <u>United States v. First National City Bank</u>, 321 F.2d 14, 23 (2nd Cir. 1963).  And this principle of law is espressed in a number of cases from the federal appelate courts; see <u>McKee v. Islamic Republic of Iran</u>, 722 F.2d 582, 589 (9th Cir. 1983)(holding the Foreign Sovereign Immunities Act as territorial); <u>Meredith v. United States</u>, 330 F.2d 9, 11 (9th Cir. 1964)(holding the Federal Torts Claims Act as territorial); <u>United States v. Cotroni</u>, 527 F.2d 708, 711 (2nd. Cir. 1975)(holding federal wire-tap laws as territorial); <u>United States Lines Inc. v. Clearly</u>, 728 F.2d 607, 609 (3rd. Cir 1984)(holding federal age discrimination laws as territorial); <u>Thomas v. Brown & Root Inc.</u>, 745 F.2d 279, 281 (4th Cir. 1984)(holding same as Clearly, supra.); <u>United States v. Mitchell</u>, 553 F.2d 996, 1002 (5th Cir. 1977)(holding marine manmals protection act as territorial);  <u>Pfeiffer v. William Wrigley, Jr., Co.</u>, 755 F.2d 554, 557 (7th Cir. 1985)(holding age discrimination laws as territorial); <u>Airline Stewards & Stewardesses Assn. v. Northwest Airlines, Inc.</u>, 267 F.2d 170, 175 (8th Cir. 1959)(holding Railway Labor Act as territorial); <u>Zahourek v.</u>

**1 of 8**

Arthur Young and Co., 750 F.2d 827, 829 (10th Cir. 1984)(holding age discrimination laws as territorial); Commodities Futures Trading Comm. v. Nahas, 738 F.2d 487, 493 (D.C. Cir. 1984)(holding commission's subpoena power under federal law as territorial); Reyes v. Secretary of H.E.W., 476 F.2d 910, 915 (D.C. Cir. 1973)(holding administration of Social Security Act as territorial); and Schoenbaum v. Firstbrook, 268 F.Supp. 385, 392 (S.D.N.Y., 1967)(holding securities act as territorial). But, because of statutory language, certain federal drug laws operate extra-territorially; see United States v. King, 552 F.2d 833, 851 (9th Cir. 1976). The United States has territorial jurisdiction onlu in Washington D.C., the federal enclaves within the States, and in the territories and insular possessions of the "United States". However, it has no territorial jurisdiction of the States within the American Union. And this proposition of law is supported by literally hundreds of cases.

As a general rule, the power of the United States criminally to prosecute is, for the most part, confirmed to offenses committed within "its jurisdiction". This is born out simply by examination of Title 18, U.S.C., Section 5 which defines the term "United States" in clear jurisdictional terms. Section 7 contains the fullest statutory definition of the :jurisdiction of the United States" [sic]. The United States District Court have jurisidiction of offenses occurring within the "United States", pursuant to Title 18, U.S.C., Section 3231.

Examples of this proposition are numerous. In Pothier v. Rodman, 291 F. 311 (1st. Cir 1923), the question involved whether a murder committed at Camp Lewis Military Reservation in the State of Washington was a federal crime. Here the murder was committed

more than a year before the U.S. acquired a deed for the property in question.  Pothier was arrested and incarcerated in Rhode Island and filed a Habeas Corpus petition seeking his release on the grounds that the federal courts had no jurisdiction over an offense not committed in U.S. jurisdiction.  The First Circuit agreed that there was no federal jurisdiction and ordered his release.  In United States v. Unzeuta, 35 F.2d 750 (8th Cir. 1929), the Eighth Circuit held that the U.S. had no jurisdiction over a murder committed in a railroad car at Fort Robinson, the state cession statute being construed as not including railroad rights-of-way.  This decision was reversed in United States v. Unzeuta, 281 U.S. 138, 50 S.Ct. 284 (1930), the court holding that the U.S. did have jurisdiction over the railroad rights-of-way in Fort Robinson..

In Bowen v. Johnson, 97 F.2d 860 (9th Cir. 1938), the question presented was whether jurisdiction over an  offense prosecuted in federal court could be raised in a petition for Habeas Corpus. The denial of Bowen's petition was reversed in Bowen v. Johnson, 306 U.S. 19, 59 S.Ct. 442 (1939), the Court concluding that such a jurisdiction challenge could be raised in a Habeas Corpus petition. But, then the Court addressed the issue, and found that the U.S. both owned the property in question and had a state legislative grant ceding jurisdiction to the United States, thus there was jurisdiction in the United States to prosecute Bowen.  But, if jurisdiction is not vested in the United States pursuant to statute there is no jurisdiction.   See Adams v. United States, 319 U.S. 312, 63 S.Ct. 1122 (1943).

And the lower federal courts also require the presence of federal jurisdiction in criminal prosecutions.  In Kelly v. United States, 27 F. 616 (D.Me., 1885), federal jurisdiction of a

manslaughter committed at Fort Popham was upheld when it was
shown that the U.S. ownded the property where the offense occurred
and the state had ceded jurisdiction.  In United States v. Andem,
158 F. 996 (D.N.J. 1908), federal jurisdiction for a forgery of-
fense was upheld on a showing that the United States owned the
property where the offense was committed and the state had ceded
jurisdiction of the property to the U.S.  In United States v. Watson,
80 F.Supp. 649 (E.D.Va., 1948), federal criminal charges were dis-
missed, the court stating:

> Without proof of the requisite ownership or possession of
> the United States, the crime has not been made out.  80
> F.Supp., at 651

In Brown v. United States, 257 F. 46 (5th Cir. 1919), federal
jurisdiction was upheld on the basis that the U.S. owned the post
office site shere a murder was committed and the state had ceded
jurisdiction; see also England v. United States, 174 F.2d 466 (5th
Cir. 1957).  In United States v. Townsend, 474 F.2d 209 (5th Cir.
1973), a conviction for receiving stolen poperty was reversed when
the court reviewed the record and learned that there was absolutely
no evidence disclosing that the defendant had committed this offense
within the jurisdiction of the United States.  And in United States,
v. Benson, 495 F.2d 475 (5th Cir. 1974), in finding federal jur-
isdiction for a robbery committed at Fort Rucker, the court stated:

> It is aximatic that the prosecution must always prove
> territorial jurisdiciton over a crime in order to sustain
> a conviction therefor.  495 F.2d, at 481.

In In re Kelly, 71 F. 545 (E.D. Wis., 1895), a federal assult
cahrge was dismissed when the court held that the state cession
statute in question was not adequate to convey jurisdiction of the

property in question to the United States.  In <u>United States v.</u>
<u>Johnson</u>, 426 F.2d 1112 (7th Cir. 1970), a case involving a federal
burglary prosecution, federal jurisdiction was sustained upon the
showing of U.S. ownership and cession.    And case from the First,
Second, Eighth and Tenth Circuits likewise require the same elem-
ents to be shown to demonstrate the presence of federal jurisdiction.

Of all the circuits, the Ninth Circuit has addressed jurisdic-
tion issues more than any of the rest.  In <u>United States v. Bateman</u>,
34 F. 86 (N.D. Cal. 1988), it was determined that the United
States did not have jurisdiction to prosecute for a murder commit-
ted at the Presidio because California had never ceded jurisdiction;
see also <u>United States v. Tully</u>, 140 F. 899 (D.Mon., 1905).  But
later, California ceded jurisdiction for the Presidio to the United
States, and it was held in <u>United States v. Watkins</u>, 22 F.2d 437
(N.D.Cal., 1997), that this enabled the U.S. to maintain a murder
prosecution; see also <u>United States v. Holt</u>,168 F. 141.  Because
the U.S. owned, and had a state cession of jurisdiction for, Fort
Douglas in Utah, it was held that the U.S. had jurisdiction for
a rape prosecution in <u>Roders v. Squier</u>, 157 F.2d 948 (9th Cir. 1946).
But, without a cession, the U.S. has no jurisdiction; see <u>Arizona</u>
<u>v. Manypenny</u>, 445 F.Supp 1123 (D.Ariz. 1997).

The above cases from the U.S. Supreme Court and fedeal appellate
courts set forth the rule that in criminal prosecutions, the gov-
ernment, as the party seeking to establish the existence of federal
jurisdiction, must prove U.S. ownership of the property in question
and a state cession of jurisdiction.  This same tule manifests it-
self in state cases.  State courts are courts of general jurisdiction
and in a state criminal prosecution, the state must only prove that

the offense was committed within the state and a coutny thereof.
If a defendant contends that  only the federal government has jur-
isdiction over the offense, he, as proponent for the existence of
federal jurisdiction, must likewise prove U.S. ownership of the
property where the crime was committed and state cession of jur-
isdiction.

In California, if it is not proved by a defendant in a state
prosecution that the state has ceded jurisdiction, it is presumed
the state does have jurisdiction over a criminal offense.  If the
cession exists the state has no jurisdiction.  In Arizona the State
has jurisdiction over federal lands in the public domain, the
state not having ceded jurisdiction of that property  to the U.S.;
see State v. Dykes, 114 Ariz. 592, 562 P.2d 1090 (1977).  In Mon-
tana , the state has jurisdiction over property if it is not proved
there is a state cession of jurisdiction to the U.S..

The existence of a state cession of jurisdiction to the U.S.
ousts the stat of jurisdiction.  The same applies in Nevada, it
applies in Oregon and in Washington.

In People v. Hammond, 1 Ill.2d 65, 115 N.E.2d 331 (1953), a
burglary of an IRS office was held to be within state jurisdiction,
the court holding that the defendant was required to prove exis-
ence of federal jurisdiction by U.S. ownership of the property and
state cession of jurisdiction.  In two cases from Michigan, larcen-
ies committed at U.S. Post Offices which were rented were held to
be within state jurisdiciton; see People v. Burke, 161 ,Mich. 397,
126 N.W. 446 (1910) and People v. Van Dyke, 276 Mich. 32, 267 N.W.
778 (1986).  State jurisdiction over a theft offense occurring in
a federal building was upheld, and the court stated that a defend-
ant had to show federal jurisdiction by proving U.S. ownerhsip of

**6 of 8**

the building and a cession of jurisdiction from the state to the United States.  A similar holding was made for a theft at a U.S. missle site in State v. Rindall, 146 Mon. 64, 404 P.2d 327 (1965). In Pendleton v. State, 734 P.2d 693 (Nev. 1987), the state court was held to have jurisdiction over a DUI committed on federal land, the defendant having failed to show U.S. ownership and state cession of jurisdiction.

In People v. Gerald, 40 Misc.2d 819, 243 N.Y.S.2d 1001 (1963), the state was held to have jurisdiction of an assault at a U.S. Post Office since the defendant did not meet his burden of showinng presence of federal jurisdiction; and because a defendant failed to prove title and jurisdiciton in the United states for a offense committed at a customs station, state jurisdiction was upheld in People v. Fisher, 97 A.D.2d 651, 469 N.Y.S.2d 187 (A.D. 3 Dept. 1993).  The proper method of showing federal jurisdiction in state court is demonstrated by the decision in People v. Williams, 136 Misc.2d 294, 518 N.Y.S.2d 751 (1987).  This rule was likewise enunciated in State v. Burger, 33 Ohio App.3d  231, 515 N.E.2d 640 (1986), in a case involving a DUI offense committed on a road near a federal arsenal.

In Kuerschner v. State, 493 P.2d 1402 (Okl.Cr.App., 1992), the state was held to have jurisdiction of a drug sales offense occur- ring at an Air Force Base, the defendant not having attempted to prove federal jurisdiction by showing title and jurisdiction of the property in question in the United states;  see also Towry v. State, 540 P.2d 597 (Okl.Cr.App., 1995).  Similar holdings for murders committed at U.S. Post Offices were made in State v. Chin Ping, 91 Or. 593, 176 P. 188 (1988), and in United States v. Pate, 393 F.2d 44 (7th CIr. 1968).  Aonther Oregon case, State v. Aquilar, 85 Or.

7 of 8

App. 410, 736 P.2d 620 (1987), demonsrates this rule.  And finally, in <u>Curry v. State</u>, 111 Tex. Cr. 264, 12 S.W.2d 796 (1928), it was held that, in the absence of proof that the state had ceded juris- diction of a place to the United States, the state courts had/**have** jurisdiciton over an offense.

Therefore, in federal criminal prosecutions, the government must prove the existence of federal jurisdiction by showing U.S. ownership of the place where the crime was committed and state cession of jurisdiction.  If the government contends for the power criminally to prosecute for an offense occurring outside "its jurisdiction," it must prove an extra-territorial application of the statute in question as well as a constitutional foundation sup- porting the same.  Absent this showing, no federal prosecution can be commenced for offenses committed outside "its jurisdiction," i.e., the federal zone.

**FILED**

AUG 2 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF COLUMBIA

07 1520

ROBERT E. McCLANAHAN.

    Petitioner,

vs.

ALBERTO GONZALES, esq,
ATTORNEY GENERAL FOR THE
"UNITED STATES,"

and

HARLEY G. LAPPIN, Dir.,
FEDERAL BUREAU OF PRISONS,

    Respondent(s)

_____/

Case No. ██████████

New Case No. _____

MEMORANDUM OF LAW
WITH INCORPORATED
POINTS AND AUTHORITIES

IN SUPPORT OF:

COMMON LAW WRIT OF HABEAS CORPUS

BEFORE THIS HONORABLE COURT:

    NOW COMES, Robert E. McClanahan, in want of counsel, accused
in the above referenced cause, and as for the Petitioner for Common
Law Writ of Habeas Corpus, shows this Honorable Court as follows:

1.

    That relief sought herein, is provided for under the Common
Law, the Constitution of the United States of America, as amended
AD 1791, Article I §9, Cl 2, and in the nature of 28 U.S.C. §2241.

////

2.

That this Honorable Court has personal juridiction over the respondents named in the caption area, supra, in the nature of D.C. Code §13-422, and 28 U.S.C. §1331, 1332, and 28 U.S.C. §2241, where both respondents have their principle place of business within the District of Columbia.

3.

That in the nature of **Adams v. United States**, DK. No. 97-2263 (2nd Cir. 1998), the court is compelled to entertain the instant pleading as submitted and to not attempt to construe or concert the pleading into any other statutory provision.  See, **United States v. Morgan**, 346 U.S. 502, 505 (1954).

4.

That the Petitioner sets forth the following with Incorporated Points and Authorities:

(a)  The jurisdiction of Federal Courts is defined in the Constitution at Article III for judicial courts, in Article I for legislative courts, and in Article IV for territorial courts.  Some courts created by Acts of Congress have been referred to as "Constitutional Courts", whereas others are regarded as "Legislative Tribunals" **28 U.S.C. §88 District of Columbia - Courts,** Act of June 7, 1934, 48 Stat. 926, and Act June 25, 1936, 49 Stat. 1921, provide that the Court of Appeals of the District of Columbia, the Supreme Court, and District Court of the United States for the District of Columbia, are shown to be Constitutional Courts created under Article III of the Constitution.  See, **O'Donoghue v. United States**, 289 U.S. 516 (1933), 77 L.Ed 1356, 53 S.Ct. 74, **Mookini v. United States**,

303 U.S. 201 at 205 (1938), 82 L.Ed 748, 58 S.Ct. 543.  **The Federal Trade Commission vs. Klesner,** 274 U.S. 145 (1927) and **Claiborne-Annapolis Ferry Co. vs. United States,** 285 U.S. 382 (1932).

(b)  That, defense counsel failed ab initio to raise or challenge any of the issues presented herein.

(c)  That the Petitioner is in custody for an act not done or committed in pursuance of an Act of Congress or an order, process, judgment, or decree of a court or judge of the United States.  And he is in custody in violation of the Constitution and the laws or treaties of the United States (28 U.S.C. §2241(c)(2)(3)).

(d)  That the federal statutory provisions under which the Petitioner is charged, have not been promulgated in either the Federal Register or the Code of Federal Regulations, thus the legitimate application of such statutory provisions are restricted to application over federal government only.

(e)  That the government has failed ab initio to establish federal subject matter jurisdiction, where it has failed to charge the sine qua non, an alleged violation of the Federal Interstate Commerce Statute, as a prerequisite to the subsequent charged offense.

5.

That, the Petitioner now shows this Honorable Court that the Federal Government lacked legislative, territorial, or admiralty jurisdiction over the locus in quo, and also lacked the Constitutional or Congressional authority to reach prohibitive acts alleged to be criminal in nature, which were committed well within the borders of the sovereign state.

## INEFFECTIVE ASSISTANCE OF COUNSEL

That, defense counsel failed ab initio to raise or challenge the governments lack of **Federal Legislative, Territorial or Admiralty Jurisdiction** over the locus in quo.  The Petitioner argues that there is no presumption in favor of juridiction, where the basis for jurisdiction must be affirmatively shown on the face of the record.  See, **Hartford v. Davies**, 16 S.Ct. 1051 (1896).  The exclusive legislative jurisdiction of the federal government is not addressed in principle to subject matter, but to geographical location.  See, **United States v. Beavens**, 16 U.S. (3 Wheat) 336 (1818).  It is axiomatic that the prosecution must always prove (legislative, territorial or admiralty) jurisdiction over the geographical location whereon the alleged pro-hibitive acts were purported to have been committed, otherwise a con-viction could not be sustained.  See, **United States v. Benson**, 495 F.2d 481 (1946).  Federal criminal jurisdiction is never presumed, and must always be proven, and can never be waived.  See, **United States v. Rogers**, 23 F. 658 (DC Ark. 1885).  In a criminal prosecution where the federal government is a moving party it must not only establish ownership of the property upon which the crimes allegedly occurred but they must also produce documentation that the state has ceded the jurisdiction to that property to them (view of the Supreme Court) in **Fort Leavenworth Railroad v. Iowa**, 114 U.S. 525 (1885).  No juris-diction exists in the United States to enforce federal criminal laws until consent to accept jurisdiction over acquired lands  have been published and filed on behalf of the United States as provided and filed in 40 U.S.C. §255, and the fact that the state authorized the federal government to take and exercise jurisdiction was inmaterial.  See, **Adams v. United States**, 319 U.S. 312, 63 S.Ct. 1122, 87 L.Ed

///// - 4 Memorandum of Law with Incorporated Points and Authorities - N

1421 (1943).

7.

The distinction that jurisdiction is more than a technical concept and is a Constitutional requirement.  See, **United States v. Johnson**, 337 F.2d 180 (affmd) 86 S.Ct. 749, 383 U.S. 169, 15 L.Ed 681 Cert. den. 87 S.Ct. 44, 134 **and at** 385 U.S. 846, 17 L.Ed 2d 117. In the United States, there are two separate and distinct kinds of jurisdiction:  The jurisdiction of the states within their own territorial boundries, and then Federal jurisdiction.  Broadly speaking, the state jurisdiction encompasses the legislative power to regulate control and govern real and personal property, individuals, and enterprises within the territorial boundries of any given state. In contrast, Federal jurisdiction is extremely limited:  In July of 1776, after declaring their independence, the New States possessed all their sovereignty, power, and jurisdiction over all soil and people in their respective territorial limits.  This condition of supreme sovereignty of each state over all property and persons within the borders thereof continued notwithstanding the adoption of the Articles of Confederation.  In Article II, it is expressly stated:

> "Each state retains its sovereignty freedom
> and independence, and every power, of juris-
> diction and right which is not by this Confed-
> eration, expressly delegated to the United
> States, In Congress assemble."

8.

As the history of the Confederation Government has shown each state was indeed sovereign and independent to the degree that it

made the Central Government created by the confederation fairly
ineffectual.  These defects of the Confederation Government strained
the relation between and among the states and the remedy became
calling a Constitutional Convention.  The representatives which
assembled at Philadelphia in May of 1787 to attend the Constitution-
al Convention met for the primary purpose of improving the commer-
cial relations among the states, although the product of the con-
vention produced more than this.  But no intention was demonstrated
for the states to surrender in any degree, the jurisdiction so
possessed by the states at that time, and indeed the Constitution
as finally drafted continued the same territorial jurisdiction of
the <u>Articles of Confederation</u>.  The essence of this retention of
each state's jurisdiction is embodied in the Constitution at <u>Article
I Section 8 Clause 17 of the Constitution of the United States of
America</u>, which reads as follows:

> "To exercise exclusive legislation in all cases what-
> soever over such districts (not exceeding Ten Miles
> Square) as may be cession of particular states, and
> acceptance of Congress becomes the seat of the govern-
> ment of the United States, and to exercise like authority
> over all places purchased by the consent of the Legis-
> lature of the states in which the same shall be for the
> erection of Forts, Magazines, Arsenals, Dock-Yards and
> other needful buildings."

9.

The reason for the inclusion of this clause in the Constitution
was and is obvious.  Under the <u>Articles of Confederation</u>, the states
retain full and complete jurisdiction over lands and persons within

their borders.  Since the time of the ratification and implement-
ation of the present Constitution of the United States, the United
States Supreme Court and all lower courts have had many opportunit-
ies to construe and apply these provisions of the Constitution.
The essence of all these decisions is that the states of this Nation
have exclusive jurisdiction of property and persons located within
their borders, excluding such land and persons residing thereon
which have been ceded to the United States.  Perhaps one of the
earliest decisions on this point was in the **United States v. Beavens**,
**16 U.S. Wheat 336 (1818).**  This case involved a federal prosecution
for murder committed onboard the warship, Independence, anchored
in the harbor of Boston, Massachusettes.  The defense argued that
only the state had jurisdiction to prosecute and argued that the
federal circuit courts had no jurisdiction of this crime supposedly
committed within the Federal Admiralty jurisdiction.  In the argu-
ment before the Supreme Court, counsel for the United States admitted
as follows:

> " The exclusive jurisdiction which the United States have
> in forts, dock-yards ceded to them is derived from express
> assent of the states by whom the cessions are made.  It could
> be derived in no other manner; because without it, the authority
> of the states would be supreme and exclusive therein."
> **3 Wheat at 350, 351**

10.

In holding that the state of Massachusetts had no jurisdiction
over the crime the court held:

> " What then is the extent of jurisdiction which a state possess-
> es?"   " We answer, without hesitation the jurisdiction of a
> state is co-extensive with it's territory, co-extensive with
> it's legislative power."  **3 Wheat at 386, 387**

///// - 7 Memorandum of Law with Incorporated Points and Authorities - N

> " It is observable that the power of exclusive legislation
> (which is jurisdiction) is united with cession of territory,
> which is to be the free act of the states.  It is difficult to
> compare the two sections together, without feeling a conviction
> not to be strengthened by any commentary on them, that in de-
> scribing the judicial power, the framers of our constitution
> had not in view any cession of territory or, which is essent-
> ially the same of general jurisdiction."  **3 Wheat at 388**

11.

Thus in **Beavens,** the court established a principle that Federal
jurisdiction extends only over the areas wherein it possesses the
power of exclusive legislation, and this is a principle incorporated
into all subsequent decisions regarding the extent of Federal juris-
diction.  To hold otherwise would destroy the purpose, intent and
meanings of the entire Constitution of th United States.  One year
later the Supreme Court of New York was presented with the same
issue, of whether the state of New York had juridiction over a mur-
der committed at Fort Niagara, a Federal fort.  In **People v. Godfrey,**
**17 Johns 225 N.Y. (1819),** that court held that the fort was subject
to the jurisdiction of the state since the lands therefore had not
been ceded to the United States, the rationale of it's opinion
stated:

> " To oust this state of its jurisdiction to support and main-
> tain its laws and to punish crimes, it must be shown that an
> offense committed within the acknowledged limits of the state,
> is clearly and exclusively cognizable by the laws and courts
> of the United States.  In the case already cited Chief Justice
> Marshall observed that to bring the offense within the juris-
> diction of the courts of the union, it must have been  committed
> out of the jurisdiction of any state."  It is not (he says)
> the offense committed but the place in which it is committed,
> which must be out of the jurisdiction of the state.
> **17 Johns, at 233** (emphasis added)

///// - 8 Memorandum of Law with Incorporated Points and Authorities - N

12.

The case relied upon by this court was the **United States v. Beavens,** **supra.** At about the same time that the New York Supreme Court render- ed it's opinion in **Godfrey,** a similar situation was before a Federal Court, the only difference being that murder was committed in and occ- urred on lands which had been ceded to the United States.  In the **United States v. Cornell, 2 Manson 60, 1 cir. (1819),** the court held that the case fell within Federal jurisdiction, describing such juris- diction as follows:

> " But although the United States may well purchase and hold lands for
> public purpose within the territorial limits of a state, this does not
> of itself oust the jurisdiction or sovereignty of such state over lands
> purchases.  It remains until the state has relingquished its authority
> over the lands either expressly or by necessary implication.  When
> therefore a purchase of land for any of these purposes is made by the
> National Government and the state legislature has given its consent to
> the purchase, the lands so purchased by the very terms of the Constit-
> ution ipso facto falls within the exclusive legislation of Congress
> and the state jurisdiction is completely ousted." **2 Manson at 63**

13.

Almost 18 years later U.S. Supreme Court again was presented a case involving the distinction between state and federal jurisdiction. In **New Orleans v. United States, 35 U.S. (10 pet) 662 (1836).**  The United States claimed title to property in New Orleans likewise claim- ed by the city.  After holding that, title to the subject lands was owned by the city, the court addressed the question of federal juris- diction and states:

> " Special provisions is made in the Constitution for the cession of
> jurisdiction from the state over places where the Federal Government
> shall establish forts, or other military works.  And it is only in

these places or in the territories of the United States where it can exercise a general jurisdiction." **10 Pet. at 737**

14.

In **New York v. Miln**, 36 U.S. (11 Pet.) 102 (1837), the question before the court involved the attempt by the city of New York to asses penalties against the master of a ship for failure to make a report as to the persons his ship brought to New York.  As against the master's contention that the act was unconstitutional and that New York had no jurisdiction in the matter, the court held :

> " If we look at the places of its operation, we find  it to be within
> the territory, and therefore, within yhe jurisdiction of New York.  If
> we look at the person on whom it operates he is found within the same
> territorial jurisdiction." **36 U.S. at 135**

> " They are these:  That a state has the same undeniable and unlimited
> jurisdiction over all persons and things within its territorial limits,
> as any foreign nation, where that jurisdiction is not surrendered or
> restrained by the Constitution of the United States.  That by virtue
> of this it is not only the right, but the burden and solemn duty of a
> state, to advance the safety, happiness and prosperity of its people
> and to provide for its general welfare by any and every act of legis-
> lation which it may deem to be conductive to these ends; where the
> power over the particular subject, or the manner just stated.  That
> all those powers which relate to merely municipal legislation, or what
> may perhaps more properly be called internal police are not thus
> surrendered or restrained and that consequently in relation to these
> the authority of a state is completely unqualified and exclusive."
> **36 U.S. at 139**

15.

Some eight tears later, in **Pollar v. Hagan**, 44 U.S. (3 How.) 212 (1845), the question of Federal jurisdiction was once again before the court.  This case involved a contest of the title of a real prop- erty, with one of the parties claiming a right to the disputed property

via U.S. patent; the lands in question were situated in Mobile, Alabama adjacent to Mobile Bay, the court held:

> " We think a proper examination of this subject will show that the United States never held any Municipal sovereignty, jurisdiction or right of soil in and to territory of which Alabama or any of the new states were formed." **44 U.S. at 221**

> " Because the United States have no Constitutional capacity to exercise Municipal Jurisdiction, Sovereignty or eminent domain within the limits of a state or elsewhere, except in case which it is expressly granted." **44 U.S. at 228, 229**

> " Alabama is therefore entitled to the sovereignty and jurisdiction over all the territory within her limits, subject to the common law." **44 U.S. at 228, 229**

16.

The single most important case regarding the subject of federal jurisdiction appears to be **Fort Leavenworth R. Co. v. Iowa**, 114 U.S. 525 (1885) 995, which set forth the law on this point of federal jurisdiction, fully. There the railroad company's property, which passes through, Fort Leavenworth federal enclave was being subject to taxation by Kansas, and the company claimed an exemption from the state taxation. In holding that the company is properly taxed, the court carefully explained federal jurisdiction within the states:

> " The consent of the state to the purchase of lands within them for the special purpose named is however, essential, under the Constitution to the transfer of the jurisdiction and dominion. Where lands are acquired without such consent, the possession of the United States, political jurisdiction be ceded to them in some other way is simply that of an ordinary proprietor. The property in that case, unless used as a means to carry out the purposes of the government, is subject to the legislative authority and control of the states equally with the property of private individuals." **114 U.S. at 531**

17.

The Constitution for the United States created a government, which has jurisdiction over certain enumerated subject matter. It is only in these areas that Congress can enact laws, and when they do, the Federal Courts are to enforce the law. But when laws do not come from a enumerated power, the Federal Courts are to prevent the U.S. Government or Congress from applying them.

18.

The Federal Constitution prescribes what the "jurisdiction" of the Federal Government is by the enumerated powers. That government can regulate foreign and interstate commerce, fix the standards of weights and measurements, establish uniform laws on bankruptcies, coin money and provide fot the punishment of counterfeiting of coins and securities of the United States, protect the arts and sciences by copyrights and patents, punish for piracies and felonies committed on the high seas, raise and support an army and navy, and lay and collect taxes by appointment, and indirect taxes by exercise, duties or imports.

19.

This is about the extent of the legitimate jurisdiction of the Federal United States Government. It is only in these areas, **supra,** that a crime (or offense) against the Federal United States can exist, and this is so only when Congress actually passes a Law in one of these areas:

> But an act committed within a state for good or a bad purpose, or whether with honest or a criminal intent, cannot be made an offense against the United States, unless it has some relation to the execution of a power of Congress, or to some matter within the jurisdiction of the United States of America.

///// - 12 Memorandum of Law with Incorporated Points and Authorities - N

20.

**United States v. Fox**, 95 U.S. 670, 672 (1877). [T]he courts of the United States, merely by virtue of this grant of judicial power, and in the absence of legislation by Congress, have no criminal jurisdiction whatsoever. The criminal jurisdiction of the Courts of the United States is wholly derived from the Statutes of the United States. **Manchester v. Massachusetts**, 139 U.S. 240, 262 (1890); **United States v. Flores**, 289 U.S. 137, 151 (1932). Acts of Congress, as well as the Constitution, must generally unite to give jurisdiction to a particular court. **United States v. Bedford**, 27 Fed. Cas., p.91, 103, Case No. 15,867 (1847).

21.

The Federal Courts only have jurisdiction in matters involving an "offense against the United States," and nothing can be an offense against the United States unless it is made so by Congressional Act pursuant to the U.S. Constitution. There is no other source from which Congress can get authority to make law, including the **Common Law**. Thus it has been said that, "There is no Federal Common Law."

22.

But the better way of stating this is to say, "There are no Common Law Offenses (or crimes) against the United States." **United States v. Britton**, 108 U.S. 199, 206 (1882); **United States v. Eaton**, 144 U.S. 677, 687 (1891); **United States v. Gradwell**, 243 U.S. 476, 485 (1916); Donnelley v. United States, 276 U.S. 505-511 (1927); **Jerome v. United States**, 318 U.S. 101, 104 (1942); **Norton v. United States**, 92 F.2d 753 (1937). In other words, the Common Law is not a source for criminal jurisdiction as it is in the States. **United States v. Grossman**, 1 Fed. Ed. 941, 950-51 (1924).

23.

By "jurisdiction" is meant the authority of the Federal Courts to hear and decide a matter.  Thus it is even more correct to say that, "The Federal Courts have no jurisdiction of Common Law offenses, and there is no jurisdiction of Common Law offenses, and there is no abstract pervading principal of the Common Law of the Union under which we (Federal Courts) can take jurisdiction."  **State of Pennsylvania v. Wheeling E. Bridge Co.**, **13 How. (54 U.S.) 518, 563 (1851)**.

24.

If Congress tries to make a Common Law offense a crime (such as libel, drugs, theft, burglary, murder, kidnapping, arson, rape, abortion, assault, fraud, etc.), which have no relation to an enumerated power, it would simply be an "unconstitutional" act.  Congress can declare nothing to be a crime except where it is based upon a delegated power.  Thus the only thing that can be a crime against the "United States" is that which comes from the U.S. Constitution.  These concepts were stated early on by the U.S. Supreme Court:

> In relation to crimes and punishments, the objects of the delegated power of the United States are enumerated and fixed.  Congress may provide for the punishment of counterfeiting the securities and current coin of the United States, and may define and punish piracies and felonies committed on the high seas, and offenses against the Art. §8 ***, but there is no reference to a Common Law authority.  Every power is [a] matter of definate and positive grant; and the very powers that are granted cannot take effect until they are exercised through the medium of law.  The **United States v. Worrall**, **2 Dall. (2. U.S.) 384, 391 (1798)**.

25.

A Constitution is not to be made to mean one thing at one time, and another at some subsequent time when the circumstances have so

changed, as perhaps to make a different rule in the case desirable.
A principal share of the benefit expected from written Constitution
would be lost if the rules they establish were so flexible as to bend
to circumstances or be modified by public opinion. [A] court or legis-
lature which should allow a change in public sentiment to influence
it in giving to written constitution and construction not warranted
by the intention of its founders, would be justly chargeable with
reckless disregard of Official Oath **(28 U.S.C. §453-18 U.S.C. §1621)**
and public duty; and if its course could become a precedent these
instruments would be of little avail. What court is to do, therefore,
is to declare the law as written. **T.M. Cooley, A Treatise on the**
**Constitutional Limitation**, 5th Ed., pp. 54, 55, rather than be swayed
by political ambition and the unlawful unsurpation of policepowers.
Chief Justice John Marshall stated:

> " We [judges] have no more right to decline the exercise of jurisdiction,
> which is given, than to usurp that which is not given. The one or the
> other would be treason to the Constitution."
> **Cohens v. Virginia**, 6 Wheat. (19 U.S.) 264, 404 (1821).

26.

The district court erred in not determining jurisdiction prior
to entertaining the cause.

### Standard of Review

The court's duty to resolve the jurisdiction of the court,
regardless of who brings the action, the court must make a legal find-
ing as to its authority to take venue and jurisdiction, before the
court moves to entertain the cause before it. See, **20 Am. Jur. 2d**
**§60, 377**

### §60    Power and Duty to Determine Jurisdiction

A Court has the power and duty to examine and determine

///// - 15 Memorandum of Law with Incorporated Points and Authorities - N

whether or not it has jurisdiction over the subject matter presented to it, and its determination being subject, of course, to appellate review.  This question should be considered before it looks at other matters involved in the case, such as whether the parties are properly before the court.  It may, and must do this on its own motion, without waiting for the question of its jurisdiction to be raised by any of the parties involved in the proceedings.

### §62    Jurisdiction as dependent on application for relief

The general rule is that the court cannot adjudicate a controversy on its own motion; it can do so only when the controversy is presented to it by a party, and only if the case is presented to it in the form of a proper pleading.  A court has no power either to investigate or to initiate proceedings.  When a statute prescribes a mode of acquiring jurisdiction, that mode must be followed or the proceedings and resulting judgment will be void and the judgment subject to collateral attack.

### §65    Effect of Lack of Jurisdiction

" THE GENERAL RULE IS THAT PROCEEDINGS CONDUCTED OR DECISIONS MADE--BY A COURT ARE LEGALLY VOID WHEN THERE IS AN ABSENCE OF JURISDICTION OVER THE SUBJECT MATTER.

A COURT DEVOID OF JURISDICTION OVER THE CASE CANNOT MAKE A DECISION IN FAVOR OF EITHER PARTY, CANNOT DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM AND CANNOT RENDER A SUMMARY JUDGMENT, AS A DECISION WOULD BE ON THE MERITS OF THE ACTION.  IT CAN ONLY DISMISS THE CASE FOR WANT OF JURISDICTION.  HOWEVER, A COURT CAN SET ASIDE ORDERS IT MADE BEFORE THE WANT OF JURISDICTION WAS DISCOVERED, AND A JUDGMENT BY A COURT WITHOUT JURISDICTION OVER SUBJECT MATTER CAN BE SET SET ASIDE AND VACATED AT ANY TIME BY THE COURT THAT RENDERED IT."

///// - 1 5 Memorandum of Law with Incorporated Points and Authorities - N

(In Part)

27.

The Petitioner asserts that the district court lost its juris-
diction, once it failed to determine jurisdiction to hear this case
at bar <u>before proceeding with sentencing and/or trial</u>.

28.

The question of challenging the court, and the United States
jurisdiction, was never waived by this Petitioner, it is well settled
in the law that when jurisdiction of the court and of the United
States is challenged, thus **" Onus Probandi is the actor."** Onus
Probandi burden of providing the burden of proof, "The strict mean-
ing of the Onus Probandi," is that, if no evidence is adduced by
the party on whom the burden is cast, the issue must be found against
him, <u>**Davis v. Rogers**</u>, **1 Houst (del.) 44.** "Where jurisdiction is
challenged it must be proved," **Hagen v. Lavine, 415 U.S. 528 (1974).**
Because it is not sufficient that jurisdiction of the United States
Courts may be inferred argumentatively from averments in the plead-
ings it follows that the necessary factual predicate may not be
gleaned from the briefs and arguments themselves; this principal
of federal jurisdiction applies whether that the case is at the
trial stage or at the appellate stage.

29.

The Petitioner asserts that the court and government has not
been granted jurisdiction through the Constitution of the United
States of America, to adjudicate matters beyond the legislative
jurisdiction of the United States. The courts and the government
have failed to offer proof, or make findings and conclusions of law,
as to the jurisdiction in the above alleged criminal action.

///// - 17 Memorandum of Law with Incorporated Points and Authorities - N

"A court cannot proceed at all in any case without jurisdiction but must announce the fact and dismiss the cause." See, **Ex Parte McCardle**, 7 Wall 506, 19 L.Ed. 264. Before considering each of the standings theories, it is appropriate to restate certain basic principals that limit the power of every Federal Court. Federal Courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and statutes enacted by Congress pursuant thereto. **e.q. Marbury v. Madison**, 1 Cranch 137, 173-180, 2 L.Ed. 60 (1803). For that reason, every Federal Appellate Court has a special obligation to "satisfy itself not only of its jurisdiction, but also that of the lower courts in a cause under review," even though the parties are prepared to concede it. **Mitchell v. Maurer**, 293 U.S. 237, 244, 79 L.Ed. 338, 55 S.Ct. 162 (1934). See, **Judice v, Vail**, 430 U.S. 327, 331, 332 51 L.Ed. 2d. 376, 97 S.Ct. 1211 (1977)(standing), "and if the record discloses that the lower courts was without jurisdiction (such as in this case) this court will notice the defect, although the parties make no contention concerning it." See, **Bender v. Williams Port Areas School District**, 475 U.S. 534, L.Ed. 2d 501, 106 S.Ct. 1326. When the lower Federal Courts lacks jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit. See, **United States v. Corrick**, 298 U.S. 435, 440, 80 L.Ed. 1263, 56 D.Vy. 829 (1936). See also e.q., **United States v. Mata**, 449 U.S. 539, 547-548 n.2, 66 L.Ed. 722, 101 S.Ct. 764 (1981), **City of Kenosha v. Bruno**, 412 U.S. 507, 511 37 L.Ed. 2d, 109, 93 S.Ct. 122 (1973),

<u>Clark v. Paul Gray Inc.</u>, 306 U.S. 583, 588, 83 L.Ed. 1001 59 S.Ct.
744 (1939), <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S.
283, 287-288 n.10 82 L.Ed. 845 58 S.Ct. 586 (1936). This obligation
to notice defects in a court of appeals, subject matter jurisdiction,
assume a special importance, when a constitutional question is pre-
sented.  In such cases we have held strictly to the standing require-
ments to ensure that our deliberations will have benefit of adversary
presentation and full development of the relevant facts.  The court
must be mindfull that the powers of the legislature are defined and
limited and that those limits may not be mistaken or forgotten, the
Constitution of the United States of America has been written indeed
this is the very essence of the judicial duty.  See, <u>Marbury v.
Madison</u>, 5 U.S. 137, 176-178, 1 Cranch 137 (1803).d  See also, <u>Bell
v. Maryland</u>, 378 U.S. 266, 224 (1964)(Douglas J. COncurring).
" A district court are courts of limited jurisdiction, which has
only powers conferred on it by this Title under 28 U.S.C.A. Article
III, and cannot assume jurisdiction." See, <u>Stanard v. Olesen</u>, 74
S.Ct. 768 (1954) also, <u>McNutt v. G.M.</u>, 56 S.Ct. 789, L.Ed. 1135.,
and <u>Thomson v. Gaskiel</u>, 62 S.Ct. 573, 83 L.Ed. 111.  It is clear
that federal jurisdiction does not rest in federal statutes that
do not invest exclusive jurisdiction.  Neither statute governing
courts authority nor the statute governing the charged crime invest
exclusive authority of the subject matter to justify the abrupt
(police power) removal of this Petitioner from the State juris-
diction, by the Federal Government. The Supreme Court in <u>Housenbaum
v. Bauer</u>, 120 U.S. 450 {1887), searching the language of the statute
to see if jurisdiction is conferred by a statute stated:

///// - 19 Memorandum of Law with Incorporated Points and Authorities - N

" Here we are bound by statute and not by Syayes alone, but by an act
of Congress, which obliges us to follow the State statute and State
practice. The Federal courts are bound hand and foot, and are compelled
and obliged by the federal legislature to obey the State law."

30.

The Petitioner contends that such rules prevail where it appears
from the record that the court was without jurisdiction, of either
person or the subject matter. For the record, where it appears from
the record that the court did not have jurisdiction of the person
or the subject matter, there is not conclusive presumption to pre-
clude an injury into the fact and to prevent a declaration of the
invalidity of the judgment. A record, which affirmatively shows
want of jurisdiction, is of its self, **conclusive as that fact**.

31.

Moreover, a district court judge may and must check for the
courts jurisdiction to proceed, in the pleading proceeding. He must
do this on his own motion without waiting for the question of law-
ful jurisdiction to be raised by any of the parties involved in the
proceedings. He is charged to know that the court proceedings con-
ducted absent jurisdiction over the subject matter are legally void
and subject to collateral attack. See, **46 American Jurisprudence
2d. Judgment §26.** As a district court judge charged with knowledge
that jurisdiction is the authority to hear and determine a specific
case within a class over which the court has subject matter juris-
diction. Also awareness that his court is subject to **Territorial
limitation and cannot extend** the jurisdiction authority which comes
pursuant to an act of Congress and under which behalf the court

functions.  Knowing that the jurisdiction of his court is limited,
and can be further limited by constitutional or statutory provisions
to only part of the territory of the sovereignty to which the court
belongs.  See, **American Jurisprudence 2d. Courts §115.**

32.

THe district court of Petitioner's conviction is one limited
and special original jurisdiction, its action must be confined to
the particular cases, controversies, and parties over which the con-
stitution and the laws have authorized it to act; any proceedings
without the limits prescribed is Coran Non Judice and its actions a
nullity.  See, **State of Rhode Island et. al. v. Commonwealth of Mass.,**
**37 U.S. 657 (1938).**  The statute designating the Federal Government
charges, that if a crime does not authorize concurrent jurisdiction
doctrine authorize concurrent jurisdiction.  See, **Adams v. United**
**States, 87 L.Ed. 1421.**  The jurisdiction to determine jurisdiction
doctrine authorizes courts to issue ancillary orders while deter-
mining their own jurisdiction, and to punish as criminal contempt,
the violations of such orders, even though it may later be deter-
mined that the court lacks jurisdiction over the proceedings.  When
a court assumes but later discovers that it has no subject matter
jurisdiction, the court must take the appropriate action, although
it acted in accordance with its previous belief that it had juris-
diction.  See, **American Jurisprudence 2d. Courts §60 page 377.**
Jurisdiction to render a judgment in a particular case or against
particular persons may not be presumed where the record itself shows
jurisdiction has not been acquired.  See, **Old Wayne Mut. Life Asso.**
**v. McDonough,** 204 U.S. 8, 51 L.Ed. 345, 27 S.Ct. 236.  Hence a fact

connected with jurisdiction to render a judgment may not be in the face of statements to the contrary in the record.

## FAILURE TO ESTABLISH FEDERAL INTERSTATE COMMERCE NEXUS

33.

Defense counsel was ineffective by failing to raise or challenge the government's lack of Federal Subject MAtter Jurisdiction over the alleged prohibitive acts charged against the Petitioner.

That, defense counsel failed ab initio to raise or challenge that the Federal Statutory Provisions under which the Peitioner is charged failed to contain language of an Interstate Commerce Nexus. The enumerated subsection under which the Petitioner is unlawfully incarcerated and detained of his liberty, possess no language which could be construed as importing, interposing or incorporating a Commerce Nexus. Thus, the language of the statute does not grant Federal Subject Matter Jurisdiction, nor grant formal notice to the accused party that the alleged violations of Title 18 U.S.C. §2113(a)(d) and Title 18 U.S.C. §924(c)(d), also invokes an uncharged violation of the Federal INterstate Commerce Statute, even though no prohibitive acts moved beyond the borders of the sovereign State or across State line or international borders. The Federal Government does not have a general police power, thereby the legitimate application of Title 18 U.S.C. §2113 (a)(d) and Title 18 U.S.C. §924(c)(d), may only be applied if connected to an alleged violation of the INterstate Commerce Statute.

////

////

35.

Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.
2d 252 (1960) at 857.  The Supreme Court stated that, "The essen-
tial element was the allegation of an Interstate Commerce which
provided the court with (subject matter) jurisdiction over the al-
leged prohibitive acts."  Where the instant matter is concerned,
the government failed ab initio to establish the prohibitive con-
duct of the Peitioner moved beyond the border of the sovereign
State, thus, in clear absebce of a commerce charge, the government
failed to establish Federal Subject Matter Jurisdiction over the
alleged offense.

36.

Under our Federal system, "State possess primary authority for
defining and enforcing the criminal law."  See, Brecht v. Abrahamson
507 U.S. 123 L.Ed.2d 353, 113 S.Ct. 1710 (1993), quoting: Engle v.
Isaac, 456 U.S. 107, 71 L.Ed.2d 783, 102 S.Ct. 1031, 162 ALR 133
(1945)(plurality opinion).  "Our National Government is one of dele-
gated powers alone.  Under our Federal system the administration of
criminal justice rests with the state except as Congress, acting
within the scope, both delegate powers and create offenses against
the United States."  When Congress criminalizes conduct already
denounced as criminal by the state it affects a change in the sen-
sitive relation between Federal and State criminal jurisdiction.
United States v. Unmans, 410 U.S. 396 441-442, 35 L.Ed.2d 379, 93
S.Ct. 1007 (1973); quoting, United States v. Bass,404 U.S. 336,
349 30 L.Ed.2d 488, 92 S.Ct. 515 (1971).  It's obvious that the
government would have to acknowledge that Title 18 U.S.C. 2113
(a)(d) and Title 18 U.S.C. §924(c)(d), displaces State policy
/////

//// - 23 Memorandum of Law with Incorporated Points and Authorities

in that their prohibitions are being used tn every state.  Title
18 U.S.C. §2113(a)(d) and Title 18 U.S.C. §924(c)(d), are now being
used outside of their scope of intended use by inappropriately
over-riding State law, by imposing higher penalties and establish-
ing mandatory penalities for the same offenses that the State al-
ready cahrges.  The policies reflected in these provisions could
legitimately be adopted by the States byt they should not be imposed
upon the States by Congress.  By the government's use of these
statutes outside of their scope of intended use we have a system
that can punish the same act committed by different individuals
with different and more selective punishment.  Thus, the abuse
mentioned, defendant in the case also charges that the government
was selective by going outside its jurisdiction which was clearly
spelled out by the 99th Congress 2d session,  of the Federal Stat-
utory Provisions under which the Petitioner is alleged to have
violated the act in question to detemine, whether it applies solely
within the jurisdiction of the United States.  Analysis of the
operative sections of the act, particularly the sections at issue
herein, clearly reveals that these is nothing, which indicates that
the act applies anywhere but within the United States Territories
and enclaves.  There is simply no statutory language expressly
stating that the act applies ||extra jurisdictionally."  Title 18
U.S.C. §2113(a)(d) and Title 18 U.S.C. §924(C)(d), totally fail
to mention or refer to "Interstate Commerce|" or otherwise connect
the provision of this act to a Congressional Power.

/////


/////


/////  - 24 Memorandum of Law with Incorporated Points and Authorities

reasonable certainty, of the nature of the accusation against him, and its jurisdiction to sustain those accusations is defective, although it may follow the language of the statute. See, **United States v. Simmons**, 96 U.S. 360, 362, 24 L.Ed. 819, 820. In as indictment upon statute, it is not sufficient to set forth the offense in the words of a statute, unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished. See, **United States v. Carll**, 105 U.S. 611, 612, 26 L.Ed. 1135, certainly the jurisdictional nexus, constitutes one of the elements. Undoubtedly the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the fact and circumstances as well inform the accused of the specific offense, coming under the general description with which he is charged, (an indictment that fails to state its jurisdiction nexus in the pleadings or statute, certainly would not be informing the accused of the above provisions). For similar views see, **United States v. Hess**, 124 U.S. 483, 487, 31 L.Ed. 516, 518, 8 S.Ct. 543; **Blitz v. United States**, 153 U.S. 308, 315, 38 L.Ed. 725, 727, 14 S.Ct. 924; **Keck v. United States**, 172 U.S. 434, 437, 43 L.Ed. 505, 507, 19 S.Ct. 254; **Morissette v. United States**, 246, 270 note 30, 96 L.Ed. 288, 304 S.Ct. 240, cf. **U.S. v. Petrillio**, 332 U.S. 1, 10, 11, 91 L.Ed. 1877, 1884,1885, 67 S.Ct. 1538. That these basic principals of fundemental fairness retain their full vitality under modern concepts of pleading and specifically under **Rule 7(c) of the F.R.C.P.** In this case at bar, a mere citation (such as the government used in this case) to the applicable statute does not give the defendant notice of the nature

///// - 26 Memorandum of Law with Incorporated Points and Authorities - N

of the offense. An indictment that must rely on a statutory cita-
tion does not fully, directly, and expressly, without any uncertainty
or ambiguity set forth all the elements (such as jurisdiction)
necessary to constitute the offense intended to be punished (or to
sustain the charges). See, **Hamling v. United States**, **418 U.S. 87,
117, 94 S.Ct. 1887, 2907-08, 41 L.Ed. 2d 590 (1974)**. Furthermore,
a statutory citation does not ensure that the Grand Jury has consid-
ered and found all essential elements such as (jurisdiction) of the
offense charged. It therefore fails to satisfy the Fifth Amendment
guarantee that no person be held to answer for an infamous crime
unless of indictment of a Grand Jury. See, **United States v. Pupo,
841 F.2d 1235 (4th Cir. 1988)** quoting, **United States v. Hooker,
supra. at 841 F.2d 1225 (4th Cir. 1988)**. As stated in **Hooker,** when
an indictment fails to include an essential element of the offense
charged, it thereby fails to charge any federal offense and convict-
ion under the indictment may not stand. A Grand Jury in order to
make the ultimate determination, must necessarily determine, what
gives the government jurisdiction to sustain, or bring these charges.
To allow the prosecutor, or the court to make a subsequent guess as
to what was in the minds of the Grand Jury at the time they returned
the indictment would deprive the defendant of a basic protection
which guarantee of intervention of a Grand Jury was designed to se-
cure. For a defendant could then be convicted on the basis of facts
not found by a Grand Jury or perhaps, not even presented to the
Grand Jury which indicted him such as this case now, before this
court, the jurisdiction nexus needed and required certainly was
never presented to the defendant's Grand Jury. For similar views

///// - 27 Memorandum of Law with Incorporated Points and Authorities - N

see, **Orfield Criminal Procedure from Arrest to Appeal 243.**  This underlying principal is reflected by the settled rule in the federal courts that an indictment may not be amended by resubmission to the Grand Jury unless the charge is merely a matter of form, **Ex Parte Bain**, 121 U.S. 1, 30 L.Ed. 849, 7 S.Ct. 781; **United States v. Norris**, 821 U.S. 619, 74 L.Ed. 1076, 50 S.Ct. 424; **Stirone v. United States**, 361 U.S. 212, 4 L.Ed. 2d, 80 S.Ct. 270.  If it lies within the province of a court to amend an indictment to suit its own notion of what ought to have been, when such allegation of a commerce nexus is not submitted to the Grand Jury, neither the government or court has the authority to amend an indictment to incorporate the crucial missing element.  The great importance which the common law attaches to an indictment by a Grand Jury, as a prerequisite to a prisoner's trial for a crime and without which the Constitution says no person shall be held to answer, may be frittered away until its value is almost destroyed.  Any other doctrine would place the rights of the citizens which were intended to be protected by this Constitutional provision, at the mercy or control of the court or prosecuting attorney; for if it be once held that the charges can be made by the consent or the order of the court in the body of the indictment as presented by the Grand Jury, and the prisoner can be called upon to answer to the indictment as thus changed, the restriction which the Constitution places upon the power of the court, in regards to the prerequisite of an indictment, in reality no longer exists.  **Ex Parte Bain, supra (121 U.S. at 10. 13).**  This court must be aware that "the very purpose of the requirement that a man be indicted by a Grand Jury is to limit his jeopardy to offenses

charged by a group of his fellow citizens acting independently of either posecuting attorney or judge." See, **Stirone v. United States**, **supra. (361 U.S. at 218).**

## LACK OF ADMINISTRATIVE AGENCY JURISDICTION

## OVER LOCUS IN QUO

39.

Defense counsel was ineffective by failing to raise or challenge that no amendment to the Constitution can be found to provide for the unbridled, nationwide application of the Federal Statutory Provisions under which the Petitioner is charged.

40.

The Constitution for the United States created a government which has jurisdiction over certain enumerated subject matter. It is only in these areas that Congress can enact laws, and when they do, the Federal Courts are to enforce the law. But when laws do not come from an enumerated power, the Federal Courts are to prevent the U.S. Government or Congress from applying them.

41.

The Federal Constitution prescribes what the "jurisdiction" of the Federal Government is by the enumerated powers. That government can regulate foreign and interstate commerce, fix the standards of weights and measurements, establish uniform laws on bankruptcies, coin money and provide for the punishment of counterfeiting of the coins and securities of the United States, protect the arts and sciences by copyrights and patents, punish for piracies and felonies committed on high seas, raise and support an Army and Navy, and lay and collect direct taxes by apportionment, and indirect taxes

///// - 29 Memorandum of Law with Incorporated Points and Authorities - N

by exercise, duties, or imports.

42.

This is about the extent of the legitimate jurisdiction of the Federal United States Government. It is only in these areas, supra, that a "crime (or offense) against the Federal United States" can exist, and this is so only when Congress actually passes a Law in one of these areas. But an act committed within a State, whether with honest or criminal intent, cannot be made an offense against the United States unless it has some relation to the execution of a power of Congress, or to some matter within the jurisdiction of the United States. **United States v. Fox**, 95 U.S. 670, 672 (1877). [T]he courts of the United States, merely by virtue of this grant of judicial power, and in the absence of legislation by Congress, have no criminal jurisdiction whatsoever. The criminal jurisdiction of the courts of the United States is wholly derived from the statutes of the United States. **Manchester v. Massachusetts**, 139 U.S. 240, 262 (1890); **United States v. Flores**, 289 U.S. 137, 151 (1932). Acts of Congress, as well as the Constitution, must generally unite to give jurisdiction to a particular court. **United States v. Beford**, 27 Fed. Cas., pg. 91 , 103 Case No. 15, 867 (1847).

43.

The Federal Courts only have jurisdiction in matters involving an "offense against the United States," and nothing can be an offense against the United States unless it is made so by a Congressional act pursuany to the U.S. Constitution. There is no other source from which Congress can get authority to make law, including the Common Law. Thus, it has been said that, "There is no Federal

///// - 30 Memorandum of Law with Incorporated Points and Authorities - N

Common Law."

44.

But the better way of stating this is to say, "There are no Common Law offenses (or crimes) against the United States." **United States v. Britton**, 108 U.S. 199, 206 (1882); **United States v. Eaton**, 144 U.S. 677, 687, (1897); **United States v. Gradwell**, 243 U.S. 476, 485 (1916); **Donnelley v. United States**, 276 U.S. 505, 511 (1927); **Jerome v. United States**, 318 U.S. 101, 104 (1942); **Norton v. United States**, 92 Fed. 2d 753 (1937). In other words the Common Law is not a source for criminal jurisdiction as it is in States. **United States v. Grossman**, 1. Fed. 2d 941, 950-51 (1924).

45.

BY "jurisdiction" is meant the authority of the federal courts to hear and decide a matter. Thus, it is even more correct to say that, "The federal courts have no jurisdiction of Common Law offenses, and there is no jurisdiction of Common Law offenses, and there is no abstract pervading principal of the Common Law of the Union under which we (federal courts) can take jurisdiction." **State of Pennsylvania v. The Wheeling E. Bridge Co.**, 13 How. (54 U.S.) 518, 563 (1851).

46.

If Congress tries to make a Common Law offense a crime (such as Libel, Drugs, Theft, Burglary, Kidnapping, Arson, Rape, Abortion, Fraud, etc.), having no relation to an enumerated power it would simply be an "unconstitutional" act. Congress can declare nothing to be a crime except where it is based upon a delegated power. Thus, the only thing that can be a crime against the United States

///// - 31 Memorandum of Law with Incorporated Points and Authorities -

is that which comes from the U.S. Constitution.  These concepts
were stated early on by the U.S. Supreme Court.

" In relation to crimes and punishments, the objects of the delegated
powers of the United States are enumerated and fixed.  Congress may
provide for the punishment of counterfeiting the securities and current coin of
the United States, and may define and punish piracies and felonies committed on
the high seas, and offenses against the law of nations.  Art. §8 but there is
no reference to a Common Law Authority.  Every power is [a] matter of definite
and positive grant; and the very powers that are granted cannot take effect until
they are exercised through the medium of law.  **The United States v. Wortall**,
2 Dall. (2 U.S. ) 384, 391 (1798).

47.

A Constitution is not to be made to mean one thing at one time,
and another at some subsequent time when the circumstances have so
changed, as perhaps to make a different rule in the case seem desir-
able.  A principal share of the benefit expected from written con-
stitutions would be lost if the rules they establish were so flex-
ible as to bend to circumstances or be modified by public opinion.
[A] court of legislature which should allow a change in public sent-
iment to influence it in giving to a written constitution a const-
ruction not warranted by the intention of its founders, would be
justly chargeable with reckless disregard of the official oath.
(28 U.S.C. §453 - 18 U.S.C. §1621) and piblic duty; and if its course
could become a precedent, these instruments would be of little avail.
What a court is to do, therefore, is to declare the Law as written.
**T.M. Cooley. A Treaties on the Constitutional Limitations**, 5th Ed.,
pp. 54, 55, rather than be swayed by political ambition and the un-
lawful usurpation of police powers.  Chief Justice John Marshall
stated:

///// - 32 Memorandum of Law with Incorporated Points and Authorities - N

" We [Judges] have no right to decline the exercise of jurisdiction which is given, that to usurp that which is not given. The one or the other would be **Treason** to the Constitution". <u>Cohens</u> **v. Virginia**, U.S. 264, 404 (1821).

48.

The United States Code was approved by an Act of Congress on June 30, 1926 (44 Stat. Part I). The code is assembled and revised under the supervision of "The Committee on the Judiciary of the House of Representatives." The main work of revision is done by a subcommittee or office of this committee called "The Office of the Law Revision Counsel of the House of Representatives." It consists of an appointed supervisor, some members of Congress, some volunteer Lawyers, and persons from West Publishing of St. Paul Minnesota.

49.

When the U.S. Code was first published, it never was stated to be the official laws of the United States. Rather, it was stated that the Code was a "Restatement" of law, or was only "prima facie evidence of the laws of the United States." On this matter the court stated:

> The United States Code was not enacted as a statute, nor can it be construed as such. It is only a prima facie of the statement of the statute law.... If construction is necessary, recourse must be had to the original statutes themselves. **Five Flages Pig Line Co., v. Dept. of Transportation**, 854, F.2d 1438, 1440 (1988); **Stephan v. United States**, 319 U.S. 415, 426 (1943), **44 Stat. Part 1, preface; Murrell v. Western Union Tel. Co.**, 160 F.2d 787, 788, (1947); **United States v. Mercur Corp.**, 83 F.2d 178, 180 (1936).

50.

This tells us that the United States Code, as originally established, was not on an equal plain with the "original statutes" or the **Statutes at Large**. Thus, the Code was not **True Law**. With the state of regular use of the U.S. Code, numerous problems arose in that it contained mistakes, errors and inconsistencies as compared to the Statutes at Large. Thus, in 1947, Congress enacted several of the Titles into "positive law," such as the Act: "To codify and enact into positive law, **Title 1 of the United States Code**," in doing so they devised some new terminology; which is set out under **61 Stat. 633, 638-644; 1 U.S.C. §204(a)**.

51.

Look back at the cases cited, which state that the criminal jurisdiction of the United States exists only by Acts of Congress pursuant to the Constitution. In the nature of a question of law, if a federal court were asked whether the Code cited in an indictment is an Act of Congress, the court could not gightfully say it is, because the Code citation contains no Congressional enacting for that citation as required by **61 Stat. 633, 634 §101**. If no such enacting clause appears on the face of the law, it is not an Acy of Congress and **no** criminal jurisdiction exists without a bona fide Act of Congress. The argument in such a case is that the indictment does not set forth a case arising under the Constitution, as there is no Act of Congress with a duly required enacting clause. Thus, there is no subject matter jurisdiction pursuant to the federal judicial power defined in the nature of **Article III, §2 of the Federal Constitution**.

///// - 34 Memorandum of Law with Incorporated Points and Authorities - N

52.

No where does it say in the Code, or in the pronouncements by Congress or the Courts, that the laws in the U.S. Code are Acts of Congress.  In fact, the Code is always regarded as something different from the **Statutes at Large.**

> **But no one denies that the official source to find United States law is the <u>Statutes at Large</u> and the Code is only prima facie evidence of such laws.**

54.

An invalid, unconstitutional or non-existent statute affects the validity of the "charging document," that is, the complaint, indictment or information.  If these documents are void or fatally defective, there is no subject matter jurisdiction since they are the basis of the court's jurisdiction.  When an accused party is indicted under a not-yet-effective or unenacted statute, the charging documents is void.

55.

Congress has no general power to enact police regulations operative within the territorial limits of a State.  **<u>Slaughter-House</u> <u>Cases</u>, 83 U.S. 36; <u>United States v. Dewitt</u>, 76 U.S. 41; <u>Gibbons v. Ogden</u>, 22 U.S. 1;** and it cannot take this power from the states or attempt any supervision over the regulations of the States established under this power, **<u>Keller v. United States</u>, 213 U.S. 138.**  The exercise of the police power by a state is beyond interference by the Federal Government.  See also, **<u>People v. Godfrey</u>, 17 Johns 225,** at 233 **(N.Y. 1818); <u>United States v. Bevans</u>, 16 (3 Wheat) 336 (1818) <u>Adams v. United States</u>, 319 U.S. 312 (1943),** and **<u>Caha v. United</u>**

///// - 35 Memorandum of Law with Incorporated Points and Authorities - N

<u>States</u>, 152 U.S. 211, 215 (1894), Supreme Court authorities, which contain language that leaves no room for misinterpretation of mis-application.

## UNPROMULGATED REGULATORY STATUTES

56.

Defense counsel was ineffective by failing to raise that there are no public implementing regulations in the Code of Federal Regulation (CFR) for the Federal Statutory Provisions under which the Petitioner is charged.

57.

That, defense counsel failed ab initio to raise or challenge the fact taht the Federal Ctatutroy Probisions under which the Petitioner is charged are unenacted by Congress, unpromulgated in the Federal Code of Regulation.  The Petitioner would like the record to reflect that the Federal Statutory Provisions under which he is charged, are in fact commercial regulatory statutes which have not been promulgated in the Federal Register or the Code of Federal Regulations, as required under 44 U.S.C. §1505, et seq., and 5 U.S. C. §601.  Therefore, it is arguable that this court has juridiction to adjudicate sanctions for violations of unpromulgated Regulatory Statutes.  The Petitioner thus advances with supporting authorities that no documentation can be shown that the enumerated subsections under which the accused party is charged, have published regulations thus these Federal Statutory Provisions Title 18 U.S.C. §2113(a)(d) and Title 18 U.S.C. §924(c)(d), lack the force and effect of law

/////

/////

//// - 36 Memorandum of Law wit Incorporated Points and Authorities

parameters of Rule 54(c) - Acts of Congress, of Federal Rules of Criminal Procedure.

58.

In **Foley Brothers v. Filardo**, 336 U.S. 281 (1949), the high court stated, "It is well established as a principal of law, that all federal legislation applies only within the territorial juris-diction of the (federal) United States unless contrary intent appears." In order for a contrary intent to be facilitated, dele-gations of authority and implementing regulations must be published in the Federal Register.

59.

Fortunately, there is a readily available method for discerning which Statute at Large, and which Statute contained within the 50 Titles of the United States Code, possess either restricted applic-ation, or general applicability to the several States and the pop-ulation at large. This method is through consulting the Parallel Tables of Authority and Rules which begin at page 709 **of the 1998 Index Volume to the Code of Federal Regulations.** Its authority is located at **1 C.F.R. §8.5(a).**

60.

The **Administrative Procedure Act,** located at 5 U.S.C. §§552 ET SEQ., and the Federal Register Act, located at 44 U.S.C. §1505 et seq., provide the means for determining which Statutes in any given Act of Congress are applicable, within federal areas, and which Statutes have "general" applicability within the territories, en-claves, and insular possessions, belonging to the Federal United

States.  At §1505(a)(1), of Title 44 of the United States Code, it is found that if a Statute is not published in the Federal Register, the application of the statutory provision is restricted to federal agencies, or persons acting in their capacity as officers, agents or employees of the federal government.

61.

Positive Law is the irrefutable Law of the United States of America, which has withstood the test of time.  However, when federal statutory provisions are not duly and properly promulgated in accordance with the law, then such Statutes lack the force of law, and may not be applied capriciously or arbitrarily.

62.

In **Hotch v. United States**, 212 F.2d 280 (9th Cir. 1954), at p.283, the court stated:

> " Under our system of law, no act is punishable as a crime unless it is specifically condemned by the Common Law or by statutory enactment of the Legilature **(22 C.J.S. Crim. Law, see 17).**  Therefore, the Administrative Procedure Act and the Federal Register Act must be read as a part of every Congressional delegation of authority unless specifically excepted.  Those acts require publication, irrespective of actual notice, as a prerequisite to the "issuance" of a regulation making certain acts criminal.  If certain acts have not been made crimes by duly enacted law, the knowledge of their administrative proscription cannot subject the informed person to criminal prosecution.  **While ignorance of the law is no defense, it is conversely true that a law which has not been duly enacted into positive law, is not a law general applicability and therefore, a person who does not comply with its provisions cannot be guilty of a crime."**

63.

In **Wei v. Robinson**, 246 F.2d 739 (7th Cir. 1957). cert. den.
78 S.CT. 144, 355 U.S. 879, the Supreme Court stated, "Contents
of the Federal Register and the Code of Federal Regulations are
**prima facie evidence** of the original text and are required to be
judicially noted." In **Wolfson v. United States**, 492 F.2d 1386, 204
Ct. Cl. 83 (1974). "When regulations are published in the Federal
Register, they give legal notice of their contents to all who may
be affected thereby." In **Shafer v. United States**, 229 F.2d 124,
cert. den. 76 S.Ct. 78, 351 U.S. 931, the court stated, "The pub-
lication of a document in the Federal Register creates a rebuttable
presumption of validity." **Northern States Power Co. v. Rural
Electrification Administration**, 248 F. Supp 616 (1965), the court
stated, "Rules by which government agency of general applicability
and published in accordance with the Federal Register Act have force
and effect of Statute Law and are binding on those publishing them
as well as the general public until such time as they be repealed
or modified. **Fed. Reg. Act §1, et seq., 44 U.S. C.A. §301 et seq.**

64.

In **United States v. Mersky**, 361 U.S. 431, 438 (1960), the Supreme
Court stated:

> " Once promulgated, these regulations called for by the statute itself
> have the force of law, and violation thereof incur criminal posecutions
> just as if all the details have been incorporated into the Congress-
> ional language. The result is that neither the Statute nor the Regul-
> ation are complete without the other, and only together do they have
> any force in effect; therefore, the construction of one necessarily
> involves the construction of the other, and in the context of criminal
> prosecutions, the rule of strict construction must be applied in the
> interpretation of an Administrative Regulation to which penal con-

///// - 39 Memorandum of Law with Incorporated Points and Authorities - N

sequences attach under the Statute authorizing the promulgation of
the regulation, as well as the construction of the statute."

65.

In **United States v. Reinis**, 794 F.2d 506 (9th Cir. 1986), the
court stated, "An individual cannot be prosecuted for violating the
"Act" unless he violates an implementing regulation." See also,
**United States v. Two Hundred Thousand Dollar**, 590 F. Supp 846 (S.D.
Fla. 1984), specifically stated at **1 C.F.R. §1**, "All regulations
must be published in the Federal Register to have general applic-
ability and legal effect." Regulation published by the Secretary at
**26 C.F.R. 601-702(ii)**, acknowledge the effect of failure to publish
by stating, "Thus for example, any such matter which imposes an ob-
ligation and which is not so published or incorporated by reference
will not adversely change or affect a persons rights."

66.

The Supreme Court stated in **United States v. Welden**, 377 U.S.
95 (1964), that , "Under **1 U.S.C. §204(A)**, which provides that the
United States Code establishes prima facie the laws of the United
States and that when Titles of the Code are enacted into positive
law, the text thereof is legal evidence of the law contained therein,
the very meaning of 'prima facie' is that the Code cannot prevail
over the Statutes at Large when the two are inconsistent. If con-
struction of a section of the United States Code which has not been
enacted into positive law is necessary, recourse must be had in the
Original Statutes themselves and a changed arrangement made by the
codifier without the approval of Congress should be given no weight.
**Stephan v. United States**, 319 U.S. 423 (1943); Best **Foods v. United**

///// - 40 Memorandum of Law with Incorporated Points and Authorities - N

States, 147 F.Supp. 749, 37 Cust. Ct. 1 (1956); Peart v. Motor
Vessel Bering Explorer, 373 F.Supp. 927 (1974).

67.

The provides that when implementing regulations are at variance
with the statutory provisions of which are intended to promulgate
that they fail to give proper notice under the due process clause of
the Federal Constitution of the 'FAir Notice Doctrine', set out un-
der United States v. Nevers, 7 F.3d 59 (5th Cir. 1993). Administ-
rative regulations, in order to be valid, must also be consistent
with, and not contrary to, "The statute under which they are prom-
ulgated." United States v. Larionoff, 431 U.S. 864, at 973, 97 S.Ct.
2150, at 2156, 53 L.Ed. 2d 48 at 56. "A regulation beyond the scope
of, or in harmony with, underlying legislation is a mere nullity."
Id. at 873 n.12, 97 S.Ct. at 2156, n.12,; Manhatton Gen. Equip. Co.
v. C.I.R., 297 U.S., at 134, Neel v. United States, 266 F.Supp., at
10. To make this determination, it is necessary for the court to
square the regulations against the statute that it purports to im-
plement, comparing the sphere of authority of each. Western Union
Teleg. Co. v. F.C.C., 541 F.2d 346, 354 (3rd Cir. 1976) cert. den.
429 U.S. 1029 (1977). An Administrative Regulation must be reason-
ably related to advancing the purpose of the enabling legislation.
Morning v. Family Publications Services, Inc., 411 U.S. 356, 369
(1973). In the framework of criminal prosecution, unclarity in the
statute or a regulation issued thereunder is, enough to resolve
doubts in favor of the defendant. United States v. Mersky, supra.

## FATAL DEFECT IN THE GOVERNMENTS CHARGING INSTRUMENT

68.

The defense counsel was ineffective by failing to raise or challenge the self-evident and self-declaring defects in the government's charging instructions.

69.

The Petitioner argues that an indictment which fails to allege all of the elements of the alleged offense is defective and must be dismissed, where one of the elements is crucial and is in fact insine qua to the legitimate application of the subsequent charged offense.  The legitimate application and charging of Title 18 U.S. C. § 2113(a)(d) and Title 18 U.S.C. §924(c)(d), must be connected to an alleged violation of the Interstates Commerce Statute, otherwise Federal Subject Matter Jurisdiction is missing.  See, United States v. Pupo, 841 F.2d 1235.  The Petitoner argues that an indictment fails to apprise the accused party of what he must be prepared to defend against.  Accordingly, an allegation of Interstate Commerce is jurisdiction and as such is an essential element in apprising the Petitioner of the Grand Jury's authority to indict under Title 18  U.S.C. §2113(a)(d) and Title 18 U.S.C. §924(c)(d), see United States v. Young, 730 F.2d at 224 (the particulars predicate for jurisdiction is essential element of offense); United States v. Mc-Cray, 665 F.2d 664, 678, 679 (5th Cir. 1982).  The Cnstitution Rights of an accused are violated when modification, at trial or by Court of Appeals acts to broaden the charge contained in the indictment such modifications contradict the very purpose of the 5th Amendment

/////

/////  - 42 Memorandum of Law with Incorporated Points and Authorities

Grand Jury requirement.  See **United States v.Stirone**, 361 U.S. 212

4 L.Ed.2d 252, 80 S.Ct. see at 273 (expressing similar views).

The failure of the government to include in the indictment any

charge that the Petitioner's conduct affected Interstate or Intra-

state or any commerce was not cured by the citation of the statutes.

In the sufficiency of an indictment it is the statement of facts

in the pleading rather than the Statutory Citation that is con-

trolling.  See, **United States v. Wuco**, 535 F.2d 1225 (9th Cir.

1976) **cert. den.** 429 U.S. 978, 97 S.Ct. 488, 50 L.Ed.2d 586 (1976).

It is elementary that every ingredient of the crome must be charged

in the bill, with a general reference to the provisions of the

statute being insufficient.  See, **Hale v. United States**, 89 F.2d

(4th Cir.) and **United States v. Berlin**, 472 F.2d 1002, 1007 (2nd

Cir. 1973); also  **United States v. Beard**, 414 F.2d 1014, 1017

(3rd Cir.).  This indictment under Title 18 U.S.C. §2113(a)(d)

and Title 18 U.S.C. §924(c)(d), can be sustained even if the govern-

ment alleged and proved that the offense had a nexus to commerce.

See, **United States v. Lopez**, at 2 F.3d 1342, (the holding of the

Fifth Circuit Court of Appeals).

///// 

/////

70.

The federal Government's failure to establish proof of other evidence or jurisdiction or ownership over each and every geographic location in which the alleged criminal activities took place divested the court of jurisdiction over the subject matter and mandates reversal. Where the lands were never ceded to the United States, and the locations which lie within the territorial boundaries of the States and not the Federal Government. Then the Federal Government lacks jurisdiction over any criminal activities which lie therein. Thus, the government's view that Title 18 U,S,C, §2113(a)(d) and Title 18 U.S.C. §924(c)(d), can be used and aplied to all crimes that occur any place or in any geographic location, even though the statute lacks a commerce nexus, and the government's failure to allege any effect on commerce or other basis for jurisdiction, and not withstanding the States sovereign jurisdiction over its territory, are contrary to the Constitution of the United States. Such a position would ask that this court to infer that Congressional LAws may be converted to general police power and authority, without statutory or Constitutional support which only the States may property possess.

71.

It is firmly established and accepted fact that the Federal Government's power, authority, and jurisdiction does not extend beyond the boundaries and parameters of the embodiment of the Federal Government itself, i.e. "territory, lands, property owned by the Federal Government over which jurisdiction has been ceded by the state legislature." However, the Federal Government does not have

/////

///// - 44 Memorandum of Law with Incorporated Points and Authorities.

the power, nor does the Constitution grant the power to punish per-
sons for various other crimes over which jurisdiction is retained
by the States.  Preventing and prosecuting such various crimes is
much the business of the States than the Federal Government.  **Arizona
v. Manypenny, 451 U.S. 232, 101 S.Ct. 1657.**  It is of the utmost
importance and relevance to note, retain, and embellish within the
mind that the territorial jurisdiction of the United States is limit-
ed to the Federal Enclaves.  **United States v. Fessler, 781 F.2d 384,
386 (1986).**  In the instant matter, the facts and offense alleged
do not conform with or meet any jurisdiction requirements described
within and in the foregoing.  Thus, without proper jurisdiction of
the subject matter, any prosecution or continuation of this matter
is unlawful at its inception and duration.  To bring the offenses
within the jurisdiction of the Fedral Courts, it must have been com-
mitted out of the jurisdiction of any State; it is not the offenses
committed, but rather the place in which the offense is committed.
**People v. Godfrey, 17 Johns 225 at 233.**  In the doctrine of "Lex
Loci" or the "Law of the place" determines that standard of conduct
and governs as to matters within the right of action.  See, **Gray v.
Blight, 112 F.2d 696.**  While no one disputes the proposition that
"the Constitution created a Federal Government of limited powers,"
**Gregory v. Ascroft, 501 U.S. 452, 458, 115 L.Ed.2d 410, 111 S.Ct.
2395 (1991);** and that while the Tenth Amendment makes explicit
"that the powers not delegated to the United States by the Constit-
ution nor prohibited by it to the States, are reserved to the States
respective, or to the people."

72.

The argument is the division of authority between the State and Federal Government, and the government's jurisdiction in sustaining conviction under Federal Statutory Provisions in which the Petitioner is charged Title 18 U.S.C. §2113(a)(d) and Title 18 U.S C. § 924(c)(d), the government's broader reading of these statutes would mark a major inroad into the domain left to the States. If a power is delegated to Congress in the Constitution (such as those enumerated), the Tenth Amendment expressly disclaims any reservationof that power to the States. If a power is an attribute of the States sovereignty (such as this one we are arguing), resevered by the Congress. See, United States v. Oregon, 366 U.S. 643, 649, 6 L.Ed.2d 575, 81 S.Ct. 1278 (1961); Case v. Bowles, 327 U.S. 92, 102, 90 L.Ed 552, 66 S.Ct. 438 (1946); Oklahoma ex rel Phillips v. Guy F. Atkinson Co., 313 U.S. 508, 534, 85 L.Ed. 1487, 61 S.Ct. 1050 (1941).

73.

It is in this sense that the Tenth Amendment states but a truism "that all is retained which has not been surrendered." United States v. Darby, 312 U.S. 100, 124, 85 L.Ed. 609, 61 S.Ct. 451, 132 ARL 1430 (1941). As Justice Story put it, "this amendment is a mere affirmation of what, upon any just reasoning is a necessary rule of interpreting the Constitution. Being an instrument of limited and enumerated powers, it follows irrisistable, that what is not conferred is withheld and belongs to the States authorities." 3.j. Story Commentaries on the Constitution of the United States 752 (1833).

/////

The argument this Petitioner brings to this court is the Federal
Government did not have jurisdiction over the geographical location
wherein the alleged prohibitive activity took place, in land, which
were never ceded to the United States, the interstate commerce ele-
ment becomes essential to establish jurisdiction and prove every
element of the offense.  Applying the rational of the Supreme Court
in **United States v. Mechanik**, 475 U.S. 66, 70, 106 S.Ct. 938, 941,
89 **L.Ed. 2d 50 (1989)**, and **United States v. Hooker**, 841 F.2d 1225,
like the decision in **Hooker** Petitioner maintains that the harmless
error analysis of **Mechanik,** cannot be applied here because the court
had no jurisdiction to try the Petitioner on a count which failed
to expressly allege an effect on inter or intra-state commerce.
Jurisdiction is lacking if the indictment did not allege a federal
crime, by means of a connection with Interstate Commerce.  This act-
ion by the prosecutor, would certainly deprive the Petitioner the
basic protection, which the guaranty of the intervention of a Grand
Jury was designed to secure.  For the defendant/petitioner could
then be convicted on the basis of charges not found by and perhaps
not even presented to the Grand Jury, which indicted him.  See,
**Orfield Criminal Procedure from Arrest to Appeal, 243.**  Petitioner
naw asserts his Fifth and Sixth Amendment Right of Due Process, in
arguing that he was never indicted by his Grand Jury **for effecting
any commerce!**  Thus, failure to present this element or state it in
the pleading of the indictment, preclude the Appellate Court from
sustaining his conviction.  For all these above reasons, Petitioner
asks this Court to look carefully to the Constitution and the cited
statutes.  Petitioner asks this Court to invoke the doctrine of

Stare Decisis: when a court has once laid down a principle of law applicable to a certain state of facts it will adhere to that principle, and apply it to all future cases, where facts are substantially the same regardless of whether the parties are the same. The doctrine of State Decisis, provides the means by which courts assure that the law will not merely change erratically but will develop in principle and intelligible fashion; the doctrine permits society to presume that bedrock principles are found in law rather than in the proclivities of individuals, and thereby contributes to the integrity of our Constitution system of government in appearance and in fact. Petitioner now invokes the doctrine of Stare Decisis to his arguments herein: !"Any departure from the doctrine of Stare Decisis demands special justification.!" **Arizona v. Rumsey**, 467 U.S. 203, 212, 81 L.Ed.2d 164, 104 S.Ct. 2305 (1984); Also **Olson v. Kennedy**, 456 U.S. 667, 691 n.34, 72 L.Ed.2d 416, 102 S.CT. 2083 (1982). Stevens J. concurring in judgment. Title 18 U.S.C. §2113(a)(d) and Title 18 U.S.C. §924(c)(d), if Congress wanted these Stat. to be used outside of their territorial jurisdiction, such as anywhere or any place then it would have drafted the needed provisions, which certainly would have included Interstate Commerce nexus that is required. "Federal criminal statutes intended to be enforced within the States exceeds Congress Commerce Clause Authority." To uphold the government's contention that it can bring criminal charges for crimes committed within a State is to convert Congressional authority into police power, which is only within the authority of the States. See, **United States v. Lopez**, No. 93-1260 (decided April 26, 1995). **McCullough v. Maryland**, 4 Wheat. 316

/////

//// - 48 Memorandum of Law with Incorporated Points and Authorities

(1819), the Federal Government had to acknowledge that it can only exercise power granted to it. The enumerated presupposes something not enumerated. See, **Gibbons, v. ogden**, supra at 195. The Constitution mandates that Congress cannot give itself plenary police powers over the State territories. Congress must operate within the framework of what the Supreme Court defines the law to be. See, **Marbury v. Madison**, 1 Cranch 137.

74.

That, defense counsel failed at the sentencing of the Petitioner to raise or challenge that **§3551 of Title 18** applies only to those who according to the language of the statute, supra had been found guilty of any offense described in the Federal Statute...other than an Act of Congress applicable exclusively in the District of Columbia. Acts of Congress (Federal Law) are defined and circumscribed under Rule 54(c) Federal Rules of Criminal Procedure. Implementing regulations for **18 U.S.C. §3551** are at variance with their application in the instant cause. Where the instant matter is concerned, the accused committed no violation of any properly enacted and duly promulgated federaj law within the legislative jurisdiction of the Federal United States, nor within the parameters defined under the implementing regulation for the Federal Sentencing Provisions, thus, the Sentencing Provisions set out under **18 U.S.C. §3551** do not apply to the accused. By consulting the **Parallel Tables of Authorities and Rules 1997 Ed. at page 733**, it is found that the implementing regulation for **18 U.S.C. §3551** are set out under **43 C.F.R. 9260-public lands, Alaska, 36 C.F.R. 242-subsistence management regulations for public lands Alaska, and 50 C.F.R. 100, (same as 36 C.F.R.**

242). Where the instant matter is concerned the accused committed no violation of any properly enacted and/or duly promulgated federal law within the legislative jurisdiction of the Federal United States, nor within the parameters defined under the implementing regulations provisions, thus, the sentencing provisions set out under **18 U.S.C. §3551** do not apply to the accused.

### 75.

The court will find that the statutory provisions under which the U.S. District Court imposed the sentence against the accused **(18 U.S.C. §3551)** apply not to the Acts of Congress, which are applicable only in the District of Columbia. See, **Rule 54(c)**.

### 76.

It may further be shown that the statutory provision. **18 U.S.C. §3551,** is at variance with its published implementing, thereby creating ambiguity as to its lawful authority and applicability over the accused.

### 77.

An invalid, unconstitutional, or non-existent statute affects the validity of the "charging document," that is, the complaint, indictment or information. If these documents are void or fatally defective, there is no subject matter jurisdiction since they are the basis of the court's jurisdiction; when an accused party is indicted under a not yet effective or unenacted statute, the charging document is void.

### 78.

The indictment or complaint can be invalid if it is not

constructed in the particular mode or form prescribed by the Const-
itution or Statute (42 C.J.S., 'Indictments and Information,' §1
p.833).  But it also can be defective and void when it charges a
violation of a law, and that law is void, unconstitutional, unenact-
ed, or mis-applied.  If the charging document is void, the subject
matter of a court does not exist.  The want of a sufficient affid-
avit, complaint, or information goes to the jurisdiction of the court,
and renders all proceedings prior to the filing of a proper instru-
ment void ab initio.  22 Corpus Juris Secundum, "Criminal Law,"
§324, p.390.

79.

One way in which a complaint, or indictment fails to charge a
crime, is by its failure to have the charge based upon a valid or
duly enacted law.  Complaints or indictments which cite invalid laws,
or incomplete law, or non-existent law are regarded as being invalid
on their case, thus fatally defective.

80.

The crux then of this whole issue of jurisdiction revolves
around law, that is, the law claimed to be violated.  If one is sub-
ject to a law, they are then under the jurisdiction of some author-
ity.  If a crime is alleged but there is no law to form the basis
of that crime, there is no jurisdiction to try and sentence one even
though they are subject to the legislative body and the court.
There has to be a law, a valid law, for subject matter jurisdiction
to exist.  Laws which lack an enacting clause are not laws of the
legislative body to which we are constitutionally subject.  Thus,

if a complaint or information charges one with a violation of a law
which has no enacting clause, then no valid law cited.  If it cites
no valid law then the complaint charges no crime, and the court has
no subject matter jurisdiction to try the accused party.

> [N]o authority need to be cited for the proposition that, when a
> court lacks jurisdiction, any judgment rendered by it is void and
> unenforceable...and without any force or effect whatever.
> **Hooker v. Boles**, 346 F.2d 285, 286 (1965).

### 81.

A judge or court may be in a legal sense immune from any claims
that it is guilty of wrong because of its improper exercise of juris-
diction.  However, it has no such protection where it lacks juris-
diction and the issue has been raised and asserted.  When the lack
of jurisdiction has been shown, a judgment rendered is not only bold,
but is also usurpation.  Jurisdiction is a fundamental prerequisite,
and an usurpation thereof is a nullity.  **22 Corpus Juris Secundum,
"Criminal Law," §150 p.183.**  The excessive exercise of authority has
reference to want of power over the subject matter, the result is
void when challenged directly or collaterally.  If it has reference
merely to the judicial method of the exercise of power, the result
is binding upon the parties to the litigation till reversed.  The
former is usurpation; the latter error in judgment.  **Voorhees v.
The Bank of the United States**, 35 U.S. 449, 474-75 (1836), the line
which separates error in judgment from the usurpation of power is
very definite.

### 82.

This Honorable Court must be compelled to find as a Matter of
Law, that the Petitioner is in custody and detained of his Liberty

///// - 52 Memorandum of Law with Incorporated Points and Authorities - N

in violation of the Constitution of the United States of America, where the foregoing and the court's own record support that the Federal Government lacked Federal Legislative jurisdiction over the locus in quo, whereon the purported prohibitive acts were committed; and,

### 83.

That the government lacked Federal Subject Matter jurisdiction where no prohibitive acts or conduct of the Petitioner moved beyond the borders of the sovereign state, nor was the Petitioner indicted via the governments charging instrument, for an alleged violation of the Federal Interstate Commerce Statute, thus, the Federal Government **lacked Federal Subject Matter jurisdiction,** a sine qua non to federal prosecution of the offense alleged against the Petitioner.

### CONCLUSION

### 84.

Where the instant cause is concerned, the Federal Statutory Provisions under which the Petitioner is imprisoned and detained of his LIBERTY, have not been promulgated by Congress in the Federal Register (44 U.S.C. §1505), nor do such statutory provisions possess published implementing regulations in the Code of Federal Regulations, nor is there to be found an Amendment to the Constitution, ratified by the several sovereign states, to provide for nationwide application of these Federal Statutory Provisions.

### 85.

The Constitution of the United States of America, provides that it is only the Congress of the United States who has the authority to create and enact Federal Laws.

///// - 53 Memorandum of Law with Incorporated Points and Authorities - N

86.

The Statutory Provisions under which the Petitioner is charged do not have implementing regulations in the Code of Federal Regulations; the section falls under **62 Statutes at Large,** which have not been promulgated in the Federal Register by Congress, and fails to possess any published implementing regulation in the Code of Federal Regulations.

87.

There is no Amendment to the Constitution ratified by three-fourths of the sovereign states to provide for nationwide jurisdiction and application of which the accused party is charged.

88.

The undersigned committed no violations of the Federal Interstate Commerce Statute, nor do the Federal Statutory Provisions under which he is indicted contain language which could interpose a commerce nexus. Thus, there is no showing of Federal Subject Matter jurisdiction.

89.

The locus in quo where the alleged prohibitive acts of the undersigned took place is a geographical location not within the Legislative, Territorial or Admiralty jurisdiction of the Federal Government.

**WHEREFORE,** the court should be compelled to find as a Matter of Law that the Petitioner committed no alleged prohibitive acts within the Legislative, Territorial or Admiralty jurisdiction of the Federal United States, or within the reach of Interstate Commerce Clause Statute, therefore the Petitioner is unlawfully

///// - 54 Memorandum of Law with Incorporated Points and Authorities - N

incarcerated and detained in violation of his secured Constitutional

Rights by way of Judgment of the Court in want of jurisdiction, and

the denial of the effective assistance of counsel.  The Petitioner

must therefore, by law, be released and discharged from Federal

Custody forthwith



Dated: _August 6th_, 2007                    _Robert C. McClanahan_
                                              Robert C. McClanahan

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Robert C. McClanahan

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88868
(EXCEPT IN U.S. PLAINTIFF CASES)

Pho se  pr

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

# 04777-112

## DEFENDANTS

Alberto Gonzales, et al

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

Case: 1:07-cv-01520
Assigned To : Roberts, Richard W.
Assign. Date : 8/20/2007
Description: Habeas Corpus/2255

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government
Plaintiff

□ 3 Federal Question
(U.S. Government Not a Party)

●2 U.S. Government
Defendant

□ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

| □ A. Antitrust | □ B. Personal Injury/ Malpractice | □ C. Administrative Agency Review | □ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| □ 410 Antitrust | □ 310 Airplane<br>□ 315 Airplane Product Liability<br>□ 320 Assault, Libel & Slander<br>□ 330 Federal Employers Liability<br>□ 340 Marine<br>□ 345 Marine Product Liability<br>□ 350 Motor Vehicle<br>□ 355 Motor Vehicle Product Liability<br>□ 360 Other Personal Injury<br>□ 362 Medical Malpractice<br>□ 365 Product Liability<br>□ 368 Asbestos Product Liability | □ 151 Medicare Act<br><br>**Social Security:**<br>□ 861 HIA ((1395ff)<br>□ 862 Black Lung (923)<br>□ 863 DIWC/DIWW (405(g)<br>□ 864 SSID Title XVI<br>□ 865 RSI (405(g)<br><br>**Other Statutes**<br>□ 891 Agricultural Acts<br>□ 892 Economic Stabilization Act<br>□ 893 Environmental Matters<br>□ 894 Energy Allocation Act<br>□ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

## □ E. General Civil (Other)  OR  □ F. Pro Se General Civil

| **Real Property**<br>□ 210 Land Condemnation<br>□ 220 Foreclosure<br>□ 230 Rent, Lease & Ejectment<br>□ 240 Torts to Land<br>□ 245 Tort Product Liability<br>□ 290 All Other Real Property<br><br>**Personal Property**<br>□ 370 Other Fraud<br>□ 371 Truth in Lending<br>□ 380 Other Personal Property Damage<br>□ 385 Property Damage Product Liability | **Bankruptcy**<br>□ 422 Appeal 28 USC 158<br>□ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>□ 535 Death Penalty<br>□ 540 Mandamus & Other<br>□ 550 Civil Rights<br>□ 555 Prison Condition<br><br>**Property Rights**<br>□ 820 Copyrights<br>□ 830 Patent<br>□ 840 Trademark<br><br>**Federal Tax Suits**<br>□ 870 Taxes (US plaintiff or defendant<br>□ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>□ 610 Agriculture<br>□ 620 Other Food &Drug<br>□ 625 Drug Related Seizure of Property 21 USC 881<br>□ 630 Liquor Laws<br>□ 640 RR & Truck<br>□ 650 Airline Regs<br>□ 660 Occupational Safety/Health<br>□ 690 Other<br><br>**Other Statutes**<br>□ 400 State Reapportionment<br>□ 430 Banks & Banking<br>□ 450 Commerce/ICC Rates/etc.<br>□ 460 Deportation | □ 470 Racketeer Influenced & Corrupt Organizations<br>□ 480 Consumer Credit<br>□ 490 Cable/Satellite TV<br>□ 810 Selective Service<br>□ 850 Securities/Commodities/ Exchange<br>□ 875 Customer Challenge 12 USC 3410<br>□ 900 Appeal of fee determination under equal access to Justice<br>□ 950 Constitutionality of State Statutes<br>□ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| G. Habeas Corpus/ 2255 | H. Employment Discrimination | I. FOIA/PRIVACY ACT | J. Student Loan |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| K. Labor/ERISA (non-employment) | L. Other Civil Rights (non-employment) | M. Contract | N. Three-Judge Court |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

| ⊙ 1 Original Proceeding | □ 2 Removed from State Court | □ 3 Remanded from Appellate Court | □ 4 Reinstated or Reopened | □ 5 Transferred from another district (specify) | □ Multi district Litigation | □ 7 Appeal to District Judge from Mag. Judge |
|---|---|---|---|---|---|---|

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 2241 - WRIT OF HABEAS CORPUS

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS<br>□  ACTION UNDER F.R.C.P. 23 | **DEMAND $** | Check YES only if demanded in complaint<br>**JURY DEMAND:** □ YES  ⊙ NO |
|---|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** N.F. | (See instruction) | □ YES  ⊙ NO | If yes, please complete related case form. |
|---|---|---|---|

| **DATE** 8.20.07 | **SIGNATURE OF ATTORNEY OF RECORD** NBD |
|---|---|

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.