UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT E. MCCLANAHAN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ALBERTO GONZALES *et al.*, )<br>)<br>)<br>Respondents. )<br>) | Civil Action No. 07-1520 (RWR) |

MEMORANDUM OPINION

Petitioner is a federal prisoner at the Federal Correctional Institution in Big Spring, Texas, seeking review of his conviction imposed by the United States District Court for the Central District of California. He claims, among other grounds for relief, that the sentencing court lacked subject matter jurisdiction over the criminal charges.

The court is obligated either to issue the writ or to order respondent to show cause why the writ should not issue "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. A challenge to a judgment of conviction and sentence must be brought before the sentencing court pursuant to 28 U.S.C. § 2255. Under that statute,

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255] shall not be entertained if it appears that the applicant has failed to apply for [§ 2255] relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. *See Taylor v. United States Board of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (where petitioner attacked constitutionality of the statute under which he was convicted and sentenced, proper remedy was by motion under 28 U.S.C. § 2255); *see also Ojo v.*

*Immigration & Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997) (sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing). Petitioner has not shown that the available remedy in the sentencing court is inadequate or ineffective. Therefore, the application for a writ of *habeas corpus* will be denied and this action will be dismissed. A separate Order accompanies this Memorandum Opinion.

_____/s/_____
RICHARD W. ROBERTS
DATE: October 16, 2007                United States District Judge