UNITED STATES DISTRICT COURT
FOR THE
JUDICIAL DISTRICT OF COLUMBIA

RECEIVED
NOV - 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ROBERT McCLANAHAN,

   Petitioner,

vs.

ALBERTO GONZALES, et. al.,

   Respondent(s)/Defendant(s)

No. 07-1520-RWR

MOTION FOR RECONSIDERATION
OF MEMORANDUM OPINION
AND ORDER

     **COMES NOW**, Robert McClanahan, Petitioner, in want of counsel, in propria persona, and moves this Honorable Court of Richard W. Roberts to reconsider it's Opinion and Order of October 16, 2007.

### ARGUMENT

     This Court argues that the proper method for Petitioner to challenge the jurisdiction of his federal court sentence is through Section §2255, as well to attack the constitutionallity of his sentence should be raised in a motion under §2255 to vacate, set aside or correct the sentence as cited in **Taylor v. United States Bd. of Parole**, 194 F.2d 882 (D.C. Cir. 1952):

     Section §2255 provides specifically that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, **may**

>   move the court which imposed the sentence to vacate, set
>   aside or correct the sentence.

Additionally, this Court argues that the ability to challenge a conviction by motion to vacate sentence is generally precluded by a petition for habeas corpus:

>   [a]n application for a Writ of Habeas Corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. §2255], **shall not be entertained** if it appears that the application has failed to appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.**   28 U.S.C. §2255 (emphasis added).

The argument being that §2255 by motion is inadequate to test the legality of petitioner's detention. Subsection 2255, of Title 28, of the United States Code, is inapplicable and without the force or effect of law where it is shown not to have been enacted by Congress, into Federal law. The Congressional Record, Vol. 94-Part 7 (June 15, 1948 to June 19, 1948) page 8229-9169, and Vol. 94-Part 8 (July 26, 1948 to December 31, 1948) page 9353, reveal that Congress was not in session.

Further, Petitioner contends that the government lacked federal subject matter jurisdiction where no prohibitive act or conduct of the Petitioner moved beyond the borders of the sovereign state of California, nor was the Petitioner indicted via the government's charging instrument, for alleged violation of the fereral interstate commerce statute, thus the federal government lacked federal subject matter jurisdiction, a sine qua non to federal prosecution of the offense "alleged" against the Petitioner.

Petitioner contends that the district (Tribunal) court of his conviction exercised "Jurisdiction" under 18 U.S.C. §3231. Apply not to the Acts of Congress, which are applicable only in the

///// - 2

District of Columbia. This Court mentions nothing in reference to Common Law or Vice-Admiralty, the only two jurisdictions mentioned in the Constitution, the Constitution mentions nothing that could be construed as "Jurisdiction" under 18 U.S.C. §3231. Totally absent all jurisdictions to convict this Petitioner. Wholly void of jurisdiction.

Petitioner contends that this Honorable Court must find as a matter of law, that the Petitioenr is in custody and detained of his liberty in violation of the Constitution of the United States of America, where the foregoing and the Courts own record supports that the federal government lacked federal legislative jurisdiction over the Petitioner, the locus in quo from the beginning whereon the purported prohibitive acts were alleged to have been committed.

Petitioner contends that no citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress.

Pursuant to 28 U.S.C. §2243 United States District Court Judge James Robertson on February 9, 2007 in Case No. 1:07-CV-0012-JR issued an Order Directing Respondents To Show Cause ordering the United States Attorney General and the United States Attorney for the District of Columbia, in <u>Benito Victor Martinez v. Alberto Gonzales, et. al.,</u> in 30 days showing why the **Writ of Habeas Corpus** should not issue.

Petitioner humbly prays this Honorable Court will correct it's Finding/Order of October 16, 2007 and issue an Order of Void Judment in this cause, and release Petitioner from unlawful custody. Absent this Order issue an Order Directing Respondent(s) To Show Cause.

Dated: _November 2_, 207.        Respectfully submitted:

[signature]

///// - 3